BROACH *vs.* SMITH *et al.*, executors.

A conveyance made under section 1969 of the Code to secure a debt, and which is void as title on account of usury, cannot be foreclosed as an equitable mortgage.

(*a.*) The declaration to the contrary of this principle in *Bullard vs. Long et ux.*, 68 *Ga.*, 821, was an *obiter dictum*, the point not being made in the record.

(*b.*) The debtor having been adjudged a bankrupt and received his discharge, after giving a security deed, which was void on account of usury, the debt was thereby discharged.

(*c.*) The vendor's equitable lien for unpaid purchase money is expressly abolished by the Code of 1863, §1997.

(*d.*) It is not decided that, when it may be necessary for a defendant to resort to equity under similar circumstances with those of the present case, a court of equity may not compel him to do equity by paying the money and lawful interest thereon.

January 26, 1886.

Deeds.  Mortgages.  Interest and Usury.  Title.  Practice in Supreme Court.  Equity.  Words and Phrases. Liens.  Vendor and Purchaser.  Before Judge Lawson. Jones Superior Court.  April Term, 1885.

On February 5, 1873, A. H. Broach gave Washington Kelly, the testator of the defendants in error, his note for $2,437.67, due twelve months after date, receiving $2,051.00 in cash, which he used to pay the unpaid purchase money (one-half) of about six hundred acres of land in Jones county, bought from Hunt and others.  To secure the debt, Broach made to Kelly a deed to the land and to about four hundred acres more which he owned.  On October 11, 1876, Broach went into bankruptcy, received as his exemption the lands bought from the Hunts, and was discharged on March 9, 1877.  He took a homestead also under the state laws.  Kelly did not prove his debt, but sued on his note (see 66 *Ga.*, 148).  This suit was subsequently dismissed, and he afterwards brought ejectment on his deed, which was defended on the ground of usury (see 71 *Ga.*, 698).  A new trial having been granted, and Kelly having died, his executors filed a bill to foreclose the deed as an equitable mortgage for the principal with legal interest and attorneys' fees included in the note. A demurrer was filed on the following grounds :

(1st.) That there was no equity in the bill.

(2nd.) That defendant has been discharged from that debt by the bankrupt court of the United States.

(3rd.) Because complainant was not entitled to the relief prayed for or any other relief, because of the admitted usury in the original transaction.

(4th.) Because the bill is an effort to abandon the issue as to title, to surrender the usury, defeat the homestead, and appropriate the money by calling a void deed an equitable mortgage.

(5th.) Because the court has no jurisdiction, that being in and with the bankrupt court of the United States for the southern district of Georgia, now in process of administration by that court, which is exclusive.

This was overruled. The jury, under the charge of the court, foreclosed the deed as an equitable mortgage for $2,051.00, with ten per cent interest and attorneys' fees. The defendant excepted and assigned, among other errors, the overruling of the demurrer, and because of the following charges:

(1.) " Complainants allege that their testator, on the 5th day of February, 1873, loaned to defendant $2,051.00, taking his note for the same, bearing 10 per cent interest per annum, and to secure the note, executed a deed to certain land in this county, mentioned in the deed; and that their testator executed to him a bond for reconveyance of the title when the note should be paid. They allege, further, that the money thus loaned was paid to the Messrs. Hunt in extinguishment of a debt which he, defendant, owed them for purchase money of a part of the land embraced in the deed. If these allegations are true—and you will determine from the evidence whether or not they are true—the complainants are entitled to have their equitable mortgage foreclosed for the entire debt, as well upon the homestead of the defendant—set apart by the federal and by the state court—as upon the other lands embraced in the deed."

v 75-11

(2.) "The defendant pleads his discharge in bankruptcy. The court charges you that this defence cannot avail him, so far as the lien of the equitable mortgage is concerned, and you should disregard it."

(3.) The defendant also claims that his homestead should be protected from this lien, though you should believe that the debt secured by the lien is for the purchase money of the land, on the ground that the deed was originally infected with usury. If the deed was given to secure a usurious transaction, the effect would be to make it void as title, but it still would preserve its equitable lien as a mortgage for the principal and legal interest, and would prevail over the defendant's homestead, provided you believe the debt is for purchase money of the land."

JOHN RUTHERFORD; NISBET, EDGE & NISBET; R. F. LYON, for plaintiff in error.

LANIER & ANDERSON, by HARRISON & PEEPLES; HARDEMAN & DAVIS, for defendants.

BLANDFORD, Justice.

This was a bill filed by Kelly against Broach to foreclose as an equitable mortgage deed made by Broach to Kelly, which deed is void as title by reason of usury. The deed was made as security for money advanced by Kelly to Broach, and a bond for title was given to Broach by Kelly, conditioned to make titles to the land when Broach should pay the money loaned. Broach gave his note for the money borrowed from Kelly. After this, Broach was adjudged a bankrupt and received his discharge in bankruptcy.

The question in this case is, can a conveyance made under section 1969 of the Code, to secure a debt, and which is void as title for usury, be foreclosed as an equitable mortgage?. This court has never decided that this can be done. In *Bullard vs. Long et ux.*, 68 *Ga.*, 821, Hillyer, Judge,

presiding in the place of Jackson, Chief Justice, announced that a deed made as part of a usurious contract, though void as title, may in equity be treated as a mortgage and the lien enforced for what may be legally due.

This *dictum* is entirely *obiter*. There was no such question made by the record in that case. That record shows that a deed was foreclosed as an equitable mortgage; upon a motion for new trial, the court granted a new trial, alone upon the ground that the money loaned, which was not used in discharging liens on the homestead property, should constitute no part of the judgment of foreclosure; and this grant of a new trial on this ground alone was excepted to, and was the only ground of error in that case, and this ruling of the court below was affirmed.

So we are left entirely free and untrammelled to consider and decide this case. Section 1969 of the Code, which authorizes deeds to be made, with bond for titles back, as security for money, declares that such conveyances shall be held by the courts as absolute conveyances and not mortgages. The creditor, when he takes a deed like this, takes it as an absolute conveyance, not as a mortgage; this is for his benefit, to make his security better, and the courts are required by the act so to hold.

If the deed be tainted with usury, it fails as a conveyance of title; but how does it thereby, by the illegal conduct of the vendee, become a mortgage? Can the illegal act of the vendee change a security which the law declares the courts shall hold to be an absolute conveyance into an equitable mortgage? We know of no law or rule in equity which authorizes this to be done. The creditor must stand on the security which he bargained for; if the same becomes ineffectual by his own illegal contract, let him abide his bargain. His illegal and wrongful conduct, which destroyed his security, will not authorize a court of equity to change the security into a mortgage and thus to help one who is thus guilty of illegal and wrongful conduct to avoid the consequences of such acts and conduct. So we hold in

this case, as the deed taken by the defendant in error from the plaintiff in error is void, because tainted with usury, it cannot be foreclosed as an equitable mortgage, and is not a lien on the property thereby conveyed.

If what we have said be correct, then when Broach was discharged in bankruptcy, it was a discharge of the debt due Kelly.

It is insisted that the deed may be foreclosed for unpaid purchase money. The vendor's equitable lien for unpaid purchase money is expressly abolished by the Code of 1863 (Code, §1997), and the courts have no power to re-establish the same. Whatever may have heretofore been said by this court conflicting with this decision, is hereby overruled.

We do not mean to hold that, when it may be necessary for a defendant to resort to equity under similar circumstances with this case, a court of equity may not compel him to do equity by paying the money and lawful interest thereon.

Judgment reversed.