McLaren vs. Clark.

<div style="float:right">
80 423<br>
98 145<br>
80 423<br>
101 366
</div>

1. Whether a deed infected with usury be made under the act of 1871, (code, §1969,) or under the general law, it is equally void as title; and if void as title, it cannot have effect as an equitable mortgage, because, unless title passes, an equitable mortgage is not created by a conveyance of land.
2. The deed in the present case, though made as security for a debt, was intended by the parties to pass title, and not merely to create a legal mortgage lien.
3. Where upon the trial of a bill to foreclose, there is no possible construction of the evidence introduced by the complainant save that the deed sought to be foreclosed was infected with usury, there is nothing for decision but a question of law, and the bill may be dismissed by the court without submitting anything to the jury or taking a verdict.

March 5, 1888.

Deeds. Title. Interest and usury. Equitable mortgages. Liens. Practice in superior court. Before Judge Bower. Dougherty superior court. April term, 1887.

Reported in the decision.

R. F. Lyon and D. H. Pope, for plaintiff.

G. J. Wright and C. B. Wooten, for defendant.

Bleckley, Chief Justice.

This is a bill by Edwin H. McLaren to foreclose a deed as a mortgage, which deed was made by Mrs. Clark to Peter McLaren on the 15th of December, 1871. The premises were conveyed by Peter to Edward H. on the 16th of March, 1874. Each of these deeds is absolute. But that from Mrs. Clark to Peter McLaren is followed by another instrument bearing even date with the deed, and

subscribed both by McLaren and Mrs. Clark. The language of that instrument is as follows:

"Provided, nevertheless, that the deed is to be delivered back to the said Eugenia C. Clark to be cancelled, if within twelve months from the present date the said Eugenia C. Clark, her heirs or assigns, shall pay or cause to be paid to the said Peter McLaren $2,600, without interest; he (the said Peter McLaren) reserving for the said twelve months the west front room in the dwelling-house, with the privilege of the stable."

The answer sets up that this deed from Mrs. Clark to McLaren was infected with usury; and one question is, whether that renders it void as security for the debt. Another question is, whether the usury is so plainly apparent under the evidence adduced by the complainant that the court could dismiss the bill on motion without taking the verdict of a jury. The consideration recited in the deed is $2,600; but the complainant introduced a witness who testified that the deed was made to secure a loan of $2,000. As it required $2,600 to redeem the land, the fact of usury admits of no question, inasmuch as the redemption was to take place within twelve months from the date of the deed.

1. It is said that the deed was not made under the act of 1871, code, §1969; and the reasons given are, (1) that there was no bond for titles to reconvey, and (2) that there was no debt apparent upon the face of the papers. Both of these facts are true; but we think it makes no difference whether the deed was made under that act or under the general law; since, according to the code, §2057(f), all titles to property made as a part of an usurious contract are void; and if the deed be void as title, it cannot have effect as an equitable mortgage; because unless title passes, an equitable mortgage is not created by a conveyance of land. *Broach vs. Smith*, 75 *Ga.* 159; *Morrison vs. Markham*, 78 *Ga.* 161; *Baggett vs. Trulock*, 77 *Ga.* 369; *Pope vs. Marshall*, 78 *Ga.* 635.

2. It is said also that the deed, taken in connection with the instrument that follows it, is upon its face a com-

mon mortgage; but we think otherwise. *Jay vs. Welchel,*
78 *Ga.* 786. It is apparent that this deed was intended
by the parties to pass title, and not merely to create a
legal mortgage lien. Peter McLaren did not transfer to
Edward H. McLaren the document as a mortgage, but con-
veyed to him the land, treating himself as the owner, or
at least as having the legal title; and we have no doubt
that such was the view he entertained and that Mrs. Clark
entertained, at the time her deed to him was executed. The
instrument annexed to the deed is quite as consistent with
a mere agreement to purchase the land from him at the
price of $2,600 as with the recognition of a debt from her
to him for that sum. Indeed, taking the papers as they
stand, there is no certain indication by them of a debt at
all, and no debt has been assigned or transferred by Peter
McLaren to Edward H. McLaren. Edward H. has thus
the legal title to the land or nothing; and the considera-
tion recited in the deed to him being only $5, he is plainly a
volunteer.

3. Taking the whole of the evidence, including that in
the writings, and that which the complainant introduced
by parol, we consider it impossible to arrive at any con-
clusion save that the deed from Mrs. Clark to Peter
McLaren was infected with usury; and that being so, there
was no error in dismissing the bill without submitting
anything to the jury.

Judgment affirmed.