## EQUITABLE MORTGAGE CO. *v.* BRASWELL, adm'r.

1. Where a promissory note is given for a loan infected with usury, and this is secured by a deed to realty, the latter is void as a conveyance and cannot be treated as an equitable mortgage.
2. Where in such a case the borrower dies, and in the course of administration the administrator of his estate sells the land so conveyed, to a third person, the title of the purchaser as against the lender depends upon the validity of the deed taken by the latter as security for the loan. If the deed was in fact usurious, the administrator could rightfully treat the property purporting to have been conveyed thereby as still the property of his intestate, and was authorized to sell the same without first offering to

redeem by the repayment of the principal borrowed, with lawful interest.

3. Where such administrator brought an equitable petition against the creditors of his intestate's estate to marshal its assets, and prayed therein for an injunction restraining the creditor holding such deed from prosecuting his claim upon the note thereby secured, otherwise than as a party defendant to such petition, and at the hearing of the application for an interlocutory injunction the evidence as to the alleged usury was con-- flicting, there was no abuse of discretion in granting such in-- junction, and thus preserving the status until this question could be passed upon by a jury.

4. Under the facts appearing of record, the affairs of the estate in controversy were, without fault on the part of the administrator, sufficiently complicated to warrant the filing by him of the petition to marshal the assets, and for their distribution under the order and direction of the court.

February 7, 1896.

Petition for injunction.   Before Judge Clark.   DeKalb county.   July 10, 1895.

The petition of Braswell, administrator, against the various defendants hereinafter named, alleged: R. M. Brown died in May, 1894, intestate, leaving not exceeding $40 worth of personalty and a tract of 112 acres in De-Kalb county, describing it.   At the September term, 1894, of the court of ordinary of said county, petitioner was appointed administrator of Brown, and has duly qualified as such.   An order was made by said court at its October term, 1894, directing him to sell said land in November, 1894, the sale being made for the purpose of paying debts of the estate.   On the sale day in November, 1894, he exposed the land for sale in accordance with the terms of the order, but the person who bid it off failed to comply with the terms of the sale, and it was again sold in March, 1895, and bought by Almand & George, the highest bidders, for $1,610, half cash, and the balance due November 1, 1895, with interest.   Almand & George have fully complied with the terms of the sale, and he has executed to them bond for titles.   The Equitable Mortgage Company claims to

hold a loan deed against the property, executed by Brown to it on December 29, 1888, to secure the payment of $1,290, and certain interest notes payable annually, which provided that upon failure to pay either of said interest notes when due, the whole indebtedness should fall due and bear interest at eight per cent. per annum from date of default. Brown borrowed from the Equitable Mortgage Co. only $1,200, for the loan of which it required him to pay it twenty per cent. thereon, or $240, $150 of which was taken out of the loan in cash, and $90 was added to the principal of the loan, which $1,290 bore interest at six per cent. per annum, payable annually, but in case of default the interest was to be at the rate of eight per cent. per annum from the date of default as above mentioned. This contract was usurious, and the loan deed is absolutely void. Defendant Mrs. Susan W. Brown is the widow of said Brown, and as such has judgment in her favor for a year's support in the sum of $500, which is a prior lien on the funds in plaintiff's hands arising from the sale of said land. Defendant Fannie I. Brown is a creditor of the estate of said Brown on a promissory note for $560, executed by said Brown and long since due. At the time of the making of the deed by said Brown to the Equitable Mortgage Co., it made to him its bond to reconvey the land upon his paying the debt secured by the deed, and this bond he transferred to Fannie I. Brown for the purpose of securing said promissory note. Defendant A. S. Mayson is a physician with a bill against the estate for $111.25, some of the items of which are for attending upon the deceased in his last illness. The estate of said Brown is hopelessly insolvent, and the creditors of the estate are threatening to proceed against the petitioner. He desires that he be allowed to marshal the assets under the direction of the court, and that the court advise him as to the order in which said claims should be paid; and asks to be allowed counsel fees.

To this petition the mortgage company demurred upon

the following grounds: (1) There is no equity in the petition, and a copy of the deed attacked should be attached to the petition. (2) Plaintiff should tender principal with lawful interest on the debt due this defendant. (3) It does not appear what fund there is in the administrator's hand for distribution. (4) All the estate should be reduced to cash and be in the administrator's hand, before direction is asked to have the assets marshalled. (5) To make a case for marshalling assets, there must be conflicting rights of doubtful character to be settled, producing danger to the administrator, or some complication which a court of law has not the machinery to manage. (6) Though the deed be void for usury, equity will not decree its cancellation without payment of the principal and lawful interest. (7) The deed passed title out of plaintiff's intestate, and he did not die seized of the land; hence his administrator, acquiring by reason of the death of intestate no greater rights than the intestate had, conveyed no title to the purchaser at the administrator's sale, because there was no title in the estate at the time of such sale. (8) The administrator should have redeemed the property before attempting to sell it at public sale as the property of his intestate. (9) No valid year's support could be set aside out of the land until the land had been redeemed by the estate. (10) The law settles priority of liens on the claims as presented in the petition, and there can be no complication as to how they should be paid. (11) Plaintiff is at fault in selling the land before redeeming it, and the relief asked for should be denied.

The same defendant answered: Plaintiff's intestate on December 29, 1888, conveyed the land to this defendant by deed to secure a debt of $1,290 principal, besides interest and attorney's fees, which principal sum matured on January 1, 1894, and this conveyance passed title to the property to this defendant until the debt was paid. At the time of the administrator's sale there was no title to the land in the estate, and hence the purchaser at said sale

acquired no title as against this defendant. Before the administrator could convey the land with title so outstanding he should have redeemed it, and his failure to do so should not affect this defendant's right or subject it to any extent. It is not true that this defendant required Brown to pay it twenty per cent. on the $1,200, or anything except lawful interest on the amount actually advanced him by it. It had nothing to do with any arrangement by which he agreed to pay commissions, if any were paid; and calls for strict proof of all the allegations as to usury. The judgment awarding the widow a year's support is not a prior lien to this defendant's interest in the land, for the reasons above appearing. It denies the right of plaintiff to have marshalled the assets of his intestate, so far as relates to said land. Said land will not be sufficient to pay the debt due this defendant. Plaintiff should have redeemed the land before seeking to administer it. Counsel fees should not be allowed out of this defendant's interest in the property, because there is no necessity for the proceeding instituted by plaintiff. Plaintiff should not have given the bond for titles to Almand & George, because there was no title to the property in the estate of his intestate at the time of his sale; and this defendant prays that he be enjoined from executing to Almand & George a deed to the property, and that said bond for titles be cancelled, because it is a cloud on the title of this defendant.

·A hearing was had as to whether injunction should issue against the mortgage company, restraining it from attempting to proceed on its loan deed, and from proceeding against plaintiff except under this suit; petitioner also praying that the mortgage company be required to surrender its deed and that the same be cancelled because of the usury therein; no pleadings being made by any of defendants except said company. When the petition was read said company moved that the cause be dismissed so far as concerned it, because there was no equity in the petition as against it.

This motion was overruled.   Plaintiff then introduced his affidavit as follows:   He is administrator of the estate of Brown.   The deed from Brown to the mortgage company is usurious for the following reasons:   Brown applied for a loan of $1,200 on five years time at six per cent. interest per annum, and agreed to pay $240 as commissions for procuring the loan.   Ninety dollars of these commissions went to the mortgage company and were included in the bond and alleged deed to it, making a principal of $1,290 bearing interest at six per cent. per annum from the date of said bond until the maturity thereof, and after maturity the $1,290 drew interest at eight per cent. per annum.   The deed also was in evidence.   It was dated December 29, 1888, and recited that it was given to secure the payment of a promissory note, with the interest and cost of collection, made by Brown to the mortgage company, of the same date, for $1,290 to become due January 1, 1894; that should there be default in the payment of principal or interest or either when due, then the holder of the note should have the right to proceed to collect the note and realize on said security, or to exercise the power of sale given in the deed.   The note also was introduced in evidence.   Injunction was granted, and the mortgage company excepted.

*Payne & Tye*, for plaintiff in error.
*Goodwin & Westmoreland*, contra.

ATKINSON, Justice.

The facts are stated in the official report.   The question is, whether the court abused its discretion in granting an injunction under the facts disclosed by the record.

1. If the testimony of the plaintiff be believed, and we must presume, in favor of the judgment granting the injunction, that the court gave to it full faith and credit, the transaction out of which the alleged security deed arose was usurious; and this being true, the deed, in so far as it is relied upon as passing title to the lender, as between the

lender and the borrower or the administrator upon the estate of the latter, is void; nor can it be upheld as an equitable mortgage. It being void as title, no title would ever pass; and it has been ruled that unless title passes by the deed, an equitable mortgage is not created by a conveyance of land. Section 2057 of the code denounces as void all titles to property made as a part of a usurious transaction; hence we conclude that where a promissory note is given for a loan infected with usury, and this is sought to be secured by a conveyance of land, such a conveyance, whatever form it may take, is void, and being void as title, it is likewise void and incapable of enforcement as an equitable mortgage. See *McLaren* v. *Clark*, 80 *Ga.* 423; *Ryan* v. *American Freehold Land Mortgage Co. et al.*, 96 *Ga.* 322.

2. If the deed under which title is claimed adversely to the administrator of the borrower was executed in pursuance of and as a part of a usurious transaction, the title still remains in the borrower, and hence the land sought to be conveyed was subject to administration as a part of his estate. If, being administered, it was sold as a part of the estate of the borrower, the validity of the purchaser's title would necessarily depend upon whether the deed previously executed by the borrower was a valid conveyance. The administrator in the course of administration could lawfully ignore such an outstanding conveyance and treat the property as still that of his intestate, and in order to make the sale, it was not essential that he should redeem the outstanding title which was usurious; and while it is quite probable that he would not be entitled to relief to the extent of having a void usurious deed delivered up for cancellation, yet inasmuch as the courts will not lend their aid to an assertion of titles based upon a usurious transaction, there is no reason why an injunction might not issue to enjoin his use of such a conveyance, either as evidence of title to recover the land itself, or as an equitable mortgage. The conveyance in question is in the form of what purports to

be a conveyance of land. It does not therefore fall within that class of cases in which usury, if any there be in the transaction, may be purged. It must stand either as a conveyance or not at all, and, being void as a conveyance of land, there is no reason why the court should not have granted the injunction restraining the creditor from prosecuting his claim in an independent suit.

3-4. In the present case the administrator of the borrower, being harassed with conflicting claims of the creditors of the estate of his intestate, filed a petition to marshal its assets, alleging the existence of the conveyance hereinbefore referred to, as one reason why in the administration of the estate such doubts arose as to the amounts allowable to the conflicting creditors as to make it proper for a court of equity to seize upon the assets of the estate and marshal them for the benefit of all concerned. There was likewise a claim upon the part of the widow of the intestate as for a year's support; a claim of a physician as for the expenses of the last illness. It was alleged that the sole property of the estate consisted of the lands covered by the conveyance in this case; that it was otherwise insolvent; and that for his own protection the administrator was entitled to direction from the court as to the manner in which he should dispose of the property of the estate in the settlement of these various conflicting claims. The court granted the injunction restraining the prosecution of any suit upon the said conveyance, other than as a party to this proceeding. Upon the question of usury in the transaction the evidence was conflicting; and the circuit judge, therefore, committed no error in granting a temporary injunction, preserving the status until the case comes on for final determination.

*Judgment affirmed.*