## TIMMONS *vs.* THE STATE OF GEORGIA.

1. The defendant in this case was indicted in five counts, charging him both with forgery and uttering a forged paper. The evidence was sufficient to have authorized his conviction upon all the counts, and a verdict finding him guilty of uttering a forged paper was demanded by the evidence. Nor was there any variance between the proof and the allegations in the indictment.

2. Where a forged draft was made payable to the order of the defendant, and he indorsed it, this was sufficient evidence of his intention to defraud the drawees thereby.

November 23, 1887.

Criminal law. Forgery. New trial. Variance. Before Judge HUTCHINS. Oconee superior court. January term, 1887.

The paper defendant was charged to have uttered was as follows:

"$30.00                        August 10th, 1886.

Messrs. Reeves & Nicholson, pay to the order of Mr. J. M. Timmons thirty dollars value received and charge the same to account of

POWELL & DAVENPORT.

To Reeves & Nicholson, Athens, Ga."

(Indorsed) " J. M. Timmons."

The evidence was, in substance, as follows: W. H. Booth received the paper from defendant and paid him $30 on it. A day or two afterwards, it was discovered to be a forgery. Defendant had worked for Powell & Davenport, and had been discharged and paid by a draft for $12 on Reaves & Nicholson.

The defendant introduced no evidence, but stated that a man living on Powell's place, named Duckworth, handed him (defendant) a paper, saying, "Collect that for me," and he took it, passed it and got the money for Duckworth; and that he was not responsible for what he was charged with. He was found guilty, and moved for a new trial upon the grounds that the verdict was contrary to law and evidence, and because of variance between the indictment and the proof. The motion was overruled and he excepted.

LUMPKIN & BURNETT and GEORGE C. THOMAS, for plaintiff in error.

No appearance for the State.

SIMMONS, Justice.

The defendant in the court below was indicted for the offence of forgery, in five counts, the last count in the indictment charging him with having falsely, feloniously and fraudulently uttered as true a certain bill or draft set out in the indictment. The jury found him guilty, upon this count, of having uttered a forged paper. He moved for a new trial on the ground that the verdict was contrary to the law and to the evidence. The court overruled the motion, and he assigns error thereon.

1 There was no error in overruling this motion. We have looked through the evidence carefully, and find that it demanded the verdict against this defendant. It was sufficient, in our opinion, to have authorized his conviction upon all the counts in the indictment. Nor was there any

variance between the proof and the allegations in the indictment. The proof abundantly sustains all the allegations in each count in the indictment.

2. It was urged by counsel that there was no evidence going to show that the defendant intended to defraud Reaves & Nicholson. We think the fact that the draft was a forgery, and that it was made payable to the order of the defendant, and that he indorsed it, was sufficient evidence of his intent to defraud Reaves & Nicholson by his indorsement. He ordered them to pay the money; and if they had paid it, the draft being a forgery, they would have lost the money and thereby been defrauded. Judgment affirmed.