## WALKER v. THE STATE.

1. The allegation that the defendant did "utter and publish" a certain
forged check is supported by evidence that he offered to pass said
check to another person as a genuine instrument, though the offer was
not accepted and the defendant did not exhibit the forged instrument
to the witness, there being other evidence from which the jury might
find that said check had been forged by the defendant and was in his
possession at the time said offer was made.

2. On the trial of one charged with forgery, it is competent for the State
to prove that for some time immediately preceding the date when the
check, alleged to have been forged, was cashed, the defendant was with-
out means and in need of money, and that immediately thereafter he
was seen with a considerable sum of money, and presented a ten-dollar
bill to a witness in payment of a debt.

3. The evidence, though circumstantial, was sufficient to establish the guilt
of the accused.

Submitted November 19,—Decided December 12, 1906.

Indictment for forgery. Before Judge Lewis. Jasper superior
court. September 28, 1906.

*Greene F. Johnson* and *B. F. Leverett,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.

BECK, J. 1. The defendant, Walker, was indicted for the offense of forgery, one of the counts of the indictment charging that "said Reuben Walker and [a codefendant] did then and there falsely and fraudulently pass, utter, and publish said check as true, well knowing that the same was falsely and fraudulently made, signed, forged, and counterfeited." And the judge charged the jury the law applicable to this count in the indictment. The movant excepted to this portion of the judge's charge, alleging that "there was no evidence in the case to authorize same, and it gave the State the benefit of a theory to which it was not entitled under the evidence in the case." In this connection Mr. Wynn, a witness for the State, testified as follows: "I was in the mercantile business in the early part of the year. Reuben Walker came to the store some time in February. He came in the store and said he would trade some if he could get his check for something like $70 or $80 cashed; that Mr. Cook [the prosecutor] had sold his half of the cotton, and his check was in settlement for it. This was in the latter part of February. I think he said the amount of the check was $78 or $79. I did not ask to see it. He said it was on the Bank of Monticello, and that Mr. Cook had given it to him for his half of the cotton." The check alleged to have been forged was on the Bank of Monticello for the sum of $79.83, and bore the date of February 27th, 1906. Mr. Cook, referred to in the above testimony, swore: "I never gave Reuben Walker a check in my life. . . I did not sign them [the checks alleged to have been forged], nor did I authorize any person to sign them for me. . . I think the writing on the checks looks like Reuben Walker's."

The sole question presented in the first six grounds of the motion for a new trial is whether or not this testimony shows an uttering and publishing of the check in question. The portions of the court's charge therein complained of state correct principles of law, and it is only necessary to determine whether or not they were applicable to the facts in the case. Mr. Bishop in his work on Criminal Law (8th ed.), vol. 2, § 605, says: "Since the offense of uttering is an attempt, it is complete when the forged instrument is offered; an acceptance of it is unnecessary. . . To complete the offense, there must be a representation of genuineness, but ordinarily this is implied in the act of uttering." And Mr. Wharton in his work on Criminal Law (10th ed.), vol. 1, § 703, says: "To

4

utter and publish a document is to offer directly or indirectly, by words or actions, such document as good." In State *v.* Horner, 48 Mo. 520, the court says: "The law is well and definitely settled that the words 'utter' and 'uttering' mean substantially to offer. If a person offers another a thing—as, for instance, a forged instrument, or a piece of counterfeit coin which he intends to pass as good,—that is an 'uttering,' whether the thing offered be accepted or not; and it is said that the offer need not go so far as to be in law a tender. But to constitute an uttering there must be a complete attempt to do the particular thing which the law forbids; though there may be a complete conditional uttering as well as any other, which will be criminal. 1 Bish. Cr. Law (1st ed.), § 185, and cases cited in notes. It has been expressly adjudicated that the allegation of uttering and publishing is proved by evidence that the prisoner offered to pass the instrument to another person, declaring or asserting, directly or indirectly, by words or actions, that it was good. Com. *v.* Searle, 2 Binn. 332; United States *v.* Mitchell, Bald. Cir. Ct. 367; Rex *v.* Shukard, Russ. & Ryl. 200. See also Smith *v.* State, 20 Neb. 284." Applying the above rules to the present case, we think that there was sufficient evidence to require the issue to be submitted to the jury under proper instructions from the court, and no error was committed in so doing.

2. The only other assignment of error which it is necessary for us to consider here is contained in the eighth ground of the amended motion, which complains that the court erred in permitting one Mr. McGauhey to testify that on or about the day the check was cashed, this defendant presented to him a ten-dollar bill in payment of a debt; the objection to this evidence being that it was irrelevant. The court, however, did not err in admitting this evidence in connection with facts testified to by other witnesses, which showed that for some time immediately preceding the date said check was cashed the defendant had no money and was unable to pay a fine in the recorder's court, whereas immediately after the day said check was cashed he was seen in possession of a considerable sum of money, and paid witness, McGauhey, said debt. In the case of State *v.* Henderson, 29 W. Va. 147, the court held that "it was competent in this case before us to prove that he in whose favor the alleged forged receipt was drawn, showing the

payment by him of a large sum of money, was at the date thereof in such embarrassed circumstances that it is improbable that he could have paid so large a sum. The evidence was competent, and was properly allowed to go to the jury, to be by them weighed for what it was worth, with the other evidence in the case." And the same reason applies to this evidence in the case at bar.

3. The evidence in this case, though circumstantial, was sufficient to authorize the verdict; and the judge having approved the same, it should be allowed to stand.

*Judgment affirmed. All the Justices concur.*