## JORDAN v. THE STATE (two cases).

ATKINSON, J. 1. The indictment is not, for any reason assigned, subject to any of the grounds of special demurrer. See, in this connection, *Sims* v. *State*, 110 *Ga.* 290(2), and cit.; *Timmons* v. *State*, 80 *Ga.* 216(1); *Lascelles* v. *State*, 90 *Ga.* 347; *McGarr* v. *State*, 75 *Ga.* 159; *Sutton* v. *State*, 124 *Ga.* 815. Nor was the indictment subject to general demurrer for any reason assigned.

2. To allow an agent of a non-resident business firm to testify that the firm keeps a record of the names of all employees, and that he has examined the record, and the name of a certain individual does not appear thereon, is proper evidence for the purpose of showing that such person is not an employee of the firm, and such evidence would not be inadmissible on the ground that the record itself is the highest and best evidence. *Hines* v. *Johnson*, 95 *Ga.* 629, 644; *Daniel* v. *Braswell*, 113 *Ga.* 373.

3. The fact that the judge, when stating in his charge to the jury the contentions of the defendant, failed to add that if the contentions were true, the defendant should be acquitted, was no error, where in another portion of the charge the jury were properly instructed as to the circumstances under which the defendant should be found not guilty. See, in this connection, *Joiner* v. *State*, 105 *Ga.* 646(3).

4. Knowingly passing as genuine a forged instrument is conclusive of the intent to defraud. 13 Am. & E. Enc. L. (2d ed.) 1104; Bradner on Evid. (2d ed.) 667. See, also, *Hagar* v. *State*, 71 *Ga.* 167. Consequently a charge in the following words: "If it is a forged paper and the defendant knew it and indorsed it and passed it with this knowledge, there is sufficient evidence of his intent to defraud," is not erroneous on the ground that the intention is a matter for the jury.

5. Evidence showing that the defendant indorsed a forged draft made payable to his order was sufficient to authorize charges to the effect that the defendant would be guilty if he knowingly and fraudulently passed a forged check, or was in possession of such check with the intention fraudulently to pass the same. *Timmons* v. *State*, 80 *Ga.* 216(2).

6. Though the defendant be indicted in different counts for the three grades of forgery set forth in §§ 233, 239, and 240 of the Penal Code, namely, the making, the uttering, and the possessing of the forged instrument, yet a failure of the judge to give in charge to the jury, so far as applicable, § 233, defining the offense of forgery proper, affords no ground of complaint to the defendant, when the judge does give in charge §§ 239 and 240, defining the other two grades of the offense, and confines the consideration of the defendant's guilt by the jury to those latter two sections, there being no evidence to authorize a conviction under the count for forgery.

7. The evidence amply supports the verdict, and no sufficient reason appears for reversing the judgment of the court below.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Argued December 17, 1906,—Decided January 15, 1907. .

Indictment for forgery. Before Judge Brand. Clarke superior court. November 5, 1906.

E. W. Jordan was convicted of forgery, with a recommendation that he be punished as for a misdemeanor. The recommendation was, however, disregarded by the court, and sentence to five years imprisonment in · the penitentiary was imposed. The indictment contained seven counts, and each count set forth the paper alleged to ·have been forged, as follows: ·

"Baldwin Locomotive Works, Philadelphia, Pa.

　　　　　　　　　　"Philadelphia,ᣔ Pa., May 12th, 1906.

"Philadelphia National Bank or Treasurer Baldwin Locomotive Works: Pay to E. W. Jordan or bearer $125.00. One hundred and twenty-five dollars.

No. 3902.　　　　　　　　C. J. Morris, General Manager."

Across the back of the paper were written the names, E. W. Jordan, M. J. Snell per Thomas H. The first three counts of the indictment treated the paper as a check forgèd on. the Philadelphia National Bank, a corporation whose notes were alleged to be in circulation in Georgia, and charged the defendant (1) with the making of the forged paper with intent to defraud the Philadelphia National Bank, the Georgia National Bank of Athens, Ga., M. J. Snell, and L. N. Young; (2) with uttering as true the said check, with intent to defraud the Georgia National Bank, M. J. Snell, and L. N. Young; (3) with having in his possession the said forged check, with intent to fraudulently pass the same. The 4th and 5th counts treated the paper as an order for money forged on the Baldwin Locomotive Works, and charged, (1) the forging of the order, with intent to defraud the Baldwin Locomotive Works (a mercantile firm composed of named persons), the Georgia National Bank, M. J. Snell, and L. N. Young; (2) with uttering as true the said order for money, with intent to defraud the same parties. The 6th and 7th counts treated the paper as a forged check, and charged, (1) the forging of the check, and (2) the uttering and passing it on the Georgia National Bank and M. J. Snell; each act being charged as done with. intent to defraud the above-named parties. A demurrer was filed to the indictment, the grounds of which are: (1) The indictment does not charge any offense under the laws of Georgia. (2) It does not charge the offense with sufficient certainty to put the defendant on notice of

the crime that he is called upon to answer. (3) It charges in several counts the offense of forgery, and the State should be compelled to elect on which count it will proceed. (4-7) Forgery is charged in several different counts, and on different persons and corporations and banks. (8) It charges three different and distinct crimes, different in character. The demurrer was overruled.

After verdict and judgment, the defendant moved for a new trial on the following, in addition to the general, grounds: (1) That the court erred in permitting the assistant cashier of the Baldwin Locomotive Works to testify that the records of the company showed the names of all its employees, but no one of the name C. J. Morris; this testimony being admitted over the defendant's objection that the record itself was the highest and best evidence. (2) That the court erred in giving a specified charge which summed up the contentions of the defendant and concluded with the words: "And for these reasons, he [the defendant] contends that you should acquit him;" the objection being that the court should have gone further and stated that if the contention of the defendant was true, it was the duty of the jury to acquit. (3) That the court erred in charging: "If it is a forged paper and the defendant knew it, and endorsed and passed it with this knowledge, this is sufficient evidence of his intent to defraud;" this being assigned as error because the intention was a matter for the jury to decide, and not the court. (4) That the evidence did not authorize a charge to the effect that if the defendant knowingly and fraudulently passed a forged check, he would be guilty. (5) That the evidence did not authorize a charge to the effect that if the defendant was in possession of a forged check with the intention fraudulently to pass the same, he would be guilty. (6) Because the court failed to charge § 233 of the Penal Code, defining the offense of forgery. As to this ground the court stated in a note that the reason for not giving in charge § 233 was that the defendant's counsel contended and requested that the court should not charge any section except §§ 239 and 240, and no written or oral request was made by counsel to have the offense of forgery defined to the jury. The motion for new trial was overruled, and to this the defendant excepted; and in a separate bill of exceptions he excepted to the overruling of his demurrer to the indictment.

*John R. Cooper*, for plaintiff in error.
*S. J. Tribble, solicitor-general*, contra.