### 20739.  FINCHER *v.* THE STATE.

DECIDED OCTOBER 8, 1930.

*Walter Matthews,* for plaintiff in error.

*S. W. Ragsdale, solicitor-general,* contra.

LUKE, J. The indictment in this case charges Herschel Fincher with uttering a forged check by knowingly delivering it to O. D. Lipham in payment of valuable merchandise, with intent to defraud the drawer and drawee of the check. The check is set out in the indictment in this language:

Haralson County Bank,

Buchanan, Ga., Apr. 25, 1929.

Pay to the order of Arlin Davenport————————$15.

Fifteen and no/100——————————Dollars.

For————————————————

W. E. Davis & Son.

O. D. Lipham testified : that he was a merchant in Tallapoosa; that the check described in the indictment is the same check that the defendant's father took up; that after the defendant was arrested he said that was the check; that witness "did not have any check that Herschel was interested in besides that;" that witness took the check in payment of goods; that the defendant indorsed the check and presented it to witness; that witness deposited the check in the home bank, and that it was not good. This witness further testified: "I said I sold him some stuff on that date—just shoes and hose. . . I saw him with the goods at the time he paid the check. I told his father, and his father come across with the money." H. G. Richardson, cashier of the Haralson County Bank, testified that he remembered handling a check signed by W. E. Davis & Son and payable to Arlin Davenport, and that the bank refused to pay the check, because the purported signature of W. E. Davis & Son was not genuine. L. C. Davis testified: that he was the junior member of the firm of W. E. Davis & Son; that he handled the books and issued the checks for his firm; that he knew the defendant and Arlin Davenport; that he did not give the check to Davenport or to the defendant; that he saw the check in the bank, but did not get it, because he would have to pay it; that he knew that he had never issued Davenport a check, because he had never worked for him; that he did not think that he had given anybody else a check on that date; that he saw one

check that was forged on his firm, but did not know whether it was that check or the other one; and that he did not give the defendant any authority to give checks on his firm. Mr. H. H. Fincher testified: that he was the defendant's father; that he paid a check "they said" his son gave, but had lost it; that he saw a check for $15 signed "W. E. Davis & Son," and payable to Arlin Davenport, but that he did not know whether or not that was the check he got; and that his son was not right in his mind and sometimes could not distinguish right from wrong.

It is insisted that the evidence fails to show any intent to defraud. It was said in *Jordan* v. *State,* 127 *Ga.* 278 (4) (56 S. E. 422), that "knowingly passing as genuine a forged instrument is conclusive of the intent to defraud." Applying this rule to the evidence in this case, an intent to defraud was shown, and there is no merit in the general grounds of the motion for a new trial.

The only special ground complains of a long excerpt from the charge of the court. The first part of this excerpt is in the language of section 241 of the Penal Code of 1910, which provides that "If any person shall falsely and fraudulently pass, pay, or tender in payment, utter or publish any false, forged, counterfeit or altered note, bill, check, or draft as aforesaid, knowing the same to have been falsely and fraudulently forged, counterfeited, or altered, he shall be punished by imprisonment and labor in the penitentiary for not less than two years nor longer than ten years." Then follows in the charge of the court an explanation of what is meant by "uttering and publishing" a forged check. The excerpt concludes in this language: It is charged that certain merchandise was received. It is immaterial as to the amount, if it was a thing of value that he received from Lipham on a check which he knew to have been forged. It is immaterial who forged it. If this particular check . . was a forged check, and he knew it and passed it to Lipham, knowing it to have been forged or not to be genuine, then that would be a violation of the law." The charge is criticised because the court failed to instruct the jury that the intent to defraud must be proved, and "because the court failed to charge . . that the passing or uttering said check as charged was done with intent to defraud the persons charged in the bill of indictment, or any one else." The charge complained of followed the statute verbatim, and was full and fair, and there was

no request for any other charge.   We do not think this ground discloses reversible error.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*