37926. LATHAM *v.* THE STATE.

TOWNSEND, Judge. 1. The defendant was convicted on count 4 of a four-count indictment charging him, as to two different checks, with the offenses of possession with intention to pass such counterfeit checks and with obtaining goods fraudulently by means of a counterfeit writing in violation of Code §§ 26-3911 and 26-3918. As to counts 1 and 3, after the close of the evidence and argument, counsel for the defendant moved

to quash these counts; the State consented to their withdrawal from the consideration of the jury, and the court directed a verdict of not guilty, which was so returned. Count 4 incorporated the body of the check set out in count 3 by reference, which is a permissible practice, and the fact that a not guilty verdict was directed as to count 3 did not nullify count 4. "If the pleadings are sufficient when the defendant goes to trial, the jury by verdict can not eliminate any portion thereof." _Durden v. State, 152 Ga. 441 (110 S. E. 283). In the Durden case a motion for arrest of judgment had been made on the ground that the jury found the defendant not guilty on one count of a forgery indictment which set out the forged instrument, and guilty on another count which incorporated the forged instrument only by reference to the preceding count. That case being controlling here, it was not error for the court, as contended in special ground 5 of the amended motion for new trial, in instructing the jury that the State had abandoned count three, and subsequently, in charging on the contents of count 4, to refer to the allegedly forged instrument set out in count 3. The plaintiff in error contends that this charge is also error because the trial court intended to withdraw counts 1 and 2 rather than counts 1 and 3 from the consideration of the jury. However, assuming this contention to be correct, counts 1 and 3 were withdrawn, and a verdict of not guilty was rendered on count 2, for which reason no error prejudicial to the defendant occurred in any event.

2. Testimony of a police officer that he had occasion to investigate some checks allegedly cashed by the two victims named in the indictment; that in the course of his investigation "a complaint was turned over to our Atlanta Police Department" and that the defendant and another were arrested in connection therewith, is not objectionable on the ground that it illegally introduces evidence of other criminal transactions. The officer was apparently referring to the checks in regard to which the defendant was on trial.

3. It is not error in the absence of timely written request to fail to charge on the law of confessions. Brown v. State, 154 Ga. 54 (113 S. E. 161); Benjamin v. State, 150 Ga. 78 (102 S. E. 427); McArthur v. State, 19 Ga. App. 747 (92 S. E. 234). Special ground 7 is without merit.

4. Special ground 6, which contends that the court erred in fail-

ing to charge the jury in certain particulars, is too vague and indefinite to present any question for decision. It is not stated on what ground the omission was error or in what particulars the charge would have been relevant, nor is any evidence in the record which would have made the charge applicable or necessary to the case set out or referred to in the ground.

5. An employee of a service station identified the defendant as the person who had presented a check to her in payment of a car battery, the check reciting "Pay to the Order of Arthur Latham $38.00. The Citizens & Southern Bank of Atlanta. Allied Realty Company. By Bill Post, Authorized signature." No such account in the bank, no such company, and no such individual were ever located. There was further testimony by the police officer that the defendant and his companion admitted they were the persons who presented the check at the service station. The evidence is accordingly sufficient to support the verdict, and the trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided October 23, 1959.

*Robert P. Johnston, Vester M. Ownby, George E. McMullen,* for plaintiff in error.

*Paul Webb, Solicitor-General, Thomas R. Luck, Jr., Eugene L. Tiller,* contra.