### 47837. TAYLOR v. THE STATE.

CLARK, Judge. Did the State's evidence establish beyond a reasonable doubt the elements of first degree forgery contained in Code Ann. § 26-1701? Our answer is in the affirmative.

Defendant sought to cash a corporation check which named him as payee and which he endorsed, the check proving to be unauthorized. "Knowingly passing as genuine a forged instrument is conclusive of the intent to defraud." *Jordan v. State,* 127 Ga. 278 (4) (56 SE 422). "It has been expressly adjudicated that the allegation of uttering and publishing is proved by evidence that the prisoner offered to pass the instrument to another person, declaring or asserting, directly or indirectly, by

words or actions, that it was good. [Cits.]" *Walker v. State,* 127 Ga. 48, 50 (56 SE 113, 8 LRA (NS) 1175, 119 ASR 314).

Defendant gave two explanations to the bank officials as to his possession of the check: (1) Initially, that he had worked for it, and (2) later that a man across the street had given him the check to cash, but he could not identify such man. Defendant in his unsworn statement adopted the latter.

As defendant had no connection with the company and as he explained the check was made out to him by a stranger on the street, the circumstances are questionable and the trior of fact could infer that the defendant knew that the check was forged. See *Bloodworth v. State,* 113 Ga. App. 278 (147 SE2d 833) and *Latham v. State,* 100 Ga. App. 509 (112 SE2d 163) for similar fact situations.

"Even if it could be said that the evidence is somewhat weak, after a verdict of guilty, in passing on the motion for a new trial that view of the evidence most favorable to the State must be taken, for every presumption and every inference is in favor of the verdict. *Johnson v. State,* 69 Ga. App. 663 (2) (26 SE2d 482). The evidence, when so construed, authorized the verdict of guilty of forging, uttering and possessing the particular check alleged in the indictment. . ." *Morgan v. State,* 77 Ga. App. 516, 517 (48 SE2d 681).

The evidence was sufficient to authorize the conviction and the trial court did not err in overruling the general grounds of the motion for new trial.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

SUBMITTED JANUARY 8, 1973 — DECIDED JANUARY 29, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton,* District Attorney, *Carter Goode, Joel M. Feldman, J. Melvin England,* for appellee.