## 50251. WOOTEN v. THE STATE.

PANNELL, Presiding Judge.

K. L. Wooten appeals his conviction from indictments charging him with obstruction of an officer and simple battery. In addition to the general grounds, appellant enumerates error in the trial court's refusal to direct a verdict and in the court's alleged refusal "to hear or entertain Appellant's Motion For Directed Verdict of Acquittal."

The central issue presented in this case concerns the legality of appellant's arrest in Bartow County by a policeman for the City of Acworth, located in Cobb County. While on patrol duty in Acworth, Officer Williams spotted a speeding car with an improper headlight. His attempt to stop this car, led him on a

high-speed chase outside the Acworth city limits and into Bartow County. The driver and sole occupant of the vehicle, McBee, was finally apprehended and arrested on charges of driving under the influence, speeding, failing to stop, and maintaining an improper headlamp. McBee was returned to Acworth by another city policeman, while Officer Williams remained on the highway to direct traffic and insure the safe removal of McBee's car. It was at this point that appellant came upon the scene.

Officer Williams testified to the following series of occurrences: While directing highway traffic around McBee's car, he was approached by appellant, who announced his intention of removing the vehicle. The officer informed appellant that he had no right nor authority to take McBee's car and that a tow truck was on the way. Despite warnings to "move on," appellant persisted in his demand to take possession of the vehicle. Officer Williams then gave appellant the option of leaving the scene or facing arrest for obstructing an officer. Choosing the latter course, appellant walked into the middle of the highway where the officer was directing traffic. Upon being informed that he was under arrest, appellant struck Officer Williams with his fist. After a brief scuffle, appellant ran away. The officer later obtained a warrant for his arrest. *Held:*

1. "A person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Criminal Code Ann. § 26-2505. While Section 9 of the Act approved February 16, 1938 (Ga. L. 1938, pp. 558, 561; Code Ann. § 92A-509) provides "that officers of an incorporated municipality shall have no power to make arrests beyond the corporate limits of such municipality, unless such jurisdiction is given by local or other laws," our courts have recognized, as an exception to this rule, instances in which a crime is committed in the municipality and the officer's "hot pursuit" takes him beyond his geographical limits to effectuate the arrest. *Shirley v. City of College Park,* 102 Ga. App. 10 (2) (115 SE2d 469). Appellant concedes the legality of McBee's arrest, but argues "that once Officer Williams had effectuated his arrest on the individual he had followed

outside the jurisdiction of Acworth, Georgia, that the cloak of authority of [Officer] Williams to arrest the Appellant of the jurisdiction of Bartow County, Georgia immediately ceased."

We cannot agree with appellant's contention that Officer Williams was instantly stripped of his authority once McBee's arrest was effectuated. After apprehending McBee in Bartow County, the officer had both the authority and the duty to insure that no harm occurred as a result of his pursuit and arrest. In directing traffic around McBee's car until the vehicle could be safely removed, Officer Williams was performing a function incidental to his lawful arrest. Reason compels this court to conclude that the Acworth policeman's legal authority under the hot pursuit doctrine included both the power to arrest and the power to perform other normal police functions incidental to and necessitated by the arrest.

Since the officer had the jurisdictional authority to direct traffic around the vehicle until its removal, the trier of fact was justified in concluding from the evidence that Officer Williams was "in the lawful discharge of his official duties." The testimony of Officer Williams, together with other evidence produced by the state, was sufficient to authorize a finding that appellant knowingly and wilfully obstructed or hindered an officer in the discharge of his official duties. Appellant's conviction on the battery charge is also amply supported by the record. We therefore find no error in the refusal of the trial court to direct a verdict of acquittal. Appellant's enumeration on general grounds is likewise without merit.

2. The remaining enumeration of errors concerns the trial court's alleged refusal to hear and consider appellant's motion for a directed verdict. We are unable to agree with appellant's premise that the motion was not properly considered by the court. The record indicates, to the contrary, that appellant made his motion and stated principles of law and authority in support thereof; the trial judge stated his familiarity with the legal principles involved prior to overruling the motion. This enumeration of error is therefore without merit.

The trial judge, in overruling the motion, stated it is never error to refuse to direct a verdict. This statement did

not indicate he was refusing to pass on the motion; and even though such statement was incorrect (Ga. L. 1966, pp. 493, 494; Code Ann. § 6-702 (b); *Merino v. State,* 230 Ga. 604 (198 SE2d 311)), he did not err in overruling the motion for directed verdict, as he was correct for the reason given in Division 1 of this opinion.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED FEBRUARY 4, 1975 — DECIDED MAY 28, 1975 — REHEARING DENIED JUNE 13, 1975 — 

*Darvin R. Purdy,* for appellant.

*David N. Vaughan, Jr., District Attorney,* for appellee.