### 51149. ZACHERY v. THE STATE.

CLARK, Judge.

The sole issue presented in this appeal from a conviction of forgery in the first degree is the sufficiency of the evidence supporting the jury's verdict. Appellant was jointly indicted with Billy Don Perdue and James Mason.

Mason pleaded guilty. Appellant and Perdue were tried jointly and both were convicted of the offense. Appeal is taken from the judgment of the court entered upon the jury's verdict. *Held:*

"After the verdict, the testimony is construed in its most favorable light to the prevailing party, which in this case is the State, for every presumption and inference is in favor of the verdict. *Bell v. State,* 21 Ga. App. 788 (95 SE 270)." *Townsend v. State,* 127 Ga. App. 797, 800 (195 SE2d 474); *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146).

The bank teller who handled the transaction at issue identified the defendants as the persons who attempted to cash the forged instrument. The check, which was drawn on the account of a Sara Sparks, was made payable to Europe Howard and was endorsed with Howard's name. Appellant handed this check, along with Howard's driver's license, to the bank teller. In checking the sufficiency of funds in the Sparks account, however, it was learned that the account had been closed. After further investigation, the teller concluded that the writing on the check did not conform with the signature of Sara Sparks. The police were subsequently informed of the suspected forgery and the defendants were arrested shortly thereafter.

Appellant admitted his attempt to cash the check, but denied knowledge of its forged character. His explanation was that he had gone to Mason's apartment to collect a debt, that Mason gave him this check and instructed him to take it to the bank for cashing after which he could deduct his debt. However, appellant was unable to explain his use of Howard's driver's license, which Howard testified had been stolen from his home. Co-defendant Perdue stated that he and appellant had obtained both the check and the identification from co-indictee Mason, who possessed numerous negotiable instruments as well as several items of identification. From among these items, Perdue testified, appellant selected Howard's driver's license and then wrote the Sparks check payable to Europe Howard. He further stated that Mason endorsed the check with Howard's name prior to giving the instrument and the driver's

license to appellant. Mason corroborated Perdue's testimony. He admitted endorsing the instrument in Howard's name and stated that appellant had prepared the check.

The evidence presented was sufficient to establish beyond a reasonable doubt the elements of first degree forgery contained in Code Ann. § 26-1701. Appellant's knowing attempt to pass as genuine the instrument, which he made in such a manner that it purports to have been made by another person, establishes the specific fraudulent intent required for conviction under our statute. See *Taylor v. State,* 128 Ga. App. 13 (195 SE2d 294); *Walker v. State,* 127 Ga. 48, 50 (56 SE 113); *Jordan v. State,* 127 Ga. 278 (4) (56 SE 422). Accordingly, appellant's enumerations are without merit.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED SEPTEMBER 4, 1975 — DECIDED OCTOBER 20, 1975.

*William L. Auld,* for appellant.
*Lewis R. Slaton, District Attorney, Wallace Speed, R. David Petersen, Assistant District Attorneys,* for appellee.