## 55074. HIGHLAND v. THE STATE.

DEEN, Presiding Judge.

The defendant was observed driving in an illegal manner suggesting intoxication; was stopped and, when it appeared he was in fact drunk, was arrested and a tow car sent to remove his vehicle, which was at that time parked on the side of the highway. In accordance with departmental policy the police officers inventoried the car prior to having it removed and upon opening the trunk saw the stock of a sawed-off shotgun. The appellant was eventually indicted, tried and convicted for driving under the influence and for possessing an illegal weapon.

This appeal raises the sole question of whether the decision in *Pierce v. State,* 134 Ga. App. 14 (213 SE2d 162) should be modified. In *Pierce,* as here, a defendant was placed under arrest for driving under the influence of intoxicants, his car was impounded, an inventory search made, and contraband, for possession of which the defendant was on trial, was then located. These facts were held to distinguish the *Pierce* case from *Dunkum v. State,* 138 Ga. App. 321, 325 (226 SE2d 133) in that in *Dunkum* the car was parked in a private parking lot and did not need to be removed, whereas in *Pierce* (and also in this case) the car could not be left abandoned on the roadside. *Newman v. State,* 237 Ga. 376, 379 (228 SE2d 790) makes the additional point that warrantless inventory searches are to be distinguished from warrantless probable cause

searches. "When vehicles are impounded, police routinely follow caretaking procedures by securing and inventorying the cars' contents. These procedures have been widely sustained as reasonable under the Fourth Amendment." South Dakota v. Opperman, 428 U. S. 364. We conclude that when a driver is arrested and removed from his vehicle, and the vehicle is on a highway or other public property, and there is no third person present to whom it is or might properly be turned over, or for some other sufficient reason a decision to impound it is properly made, and where in connection with such impoundment an "inventory search" is a recognized and routine procedure, contraband which appears in plain view in the course of such inventory is properly seized, and may be introduced in evidence on a subsequent trial for its possession. We note in passing that it does not appear from the record here whether or not the car trunk was locked, nor does it appear in the opinion in *Pierce, supra.* In the Opperman case, the contraband was found in an unlocked glove compartment, and Justice Marshall, in his dissent, specially noted that the locked trunk was *not* searched.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JANUARY 4, 1978 — DECIDED
JANUARY 24, 1978.

*Guy B. Scott, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.