## 59673. MARTASIN v. THE STATE.

Banke, Judge.

The appellant was convicted of aggravated assault and possession of controlled substances. The issue before us involves the legality of his arrest and the subsequent removal of the drugs in question from the console of his vehicle.

A Roswell police officer began pursuit of appellant for a speeding violation in the City of Roswell, Fulton County. The chase was extensive and eventually terminated in Cobb County after appellant's car struck another vehicle. The officer testified that at one point the appellant had attempted to run him down as he approached appellant's car while it was stopped in Fulton County. After this event, which formed the basis of the aggravated assault charge, appellant drove off again and was pursued into Cobb County.

The appellant was removed from his car and placed under arrest. His right front tire had unraveled and separated during the chase. The car remained on the highway in a damaged condition after the appellant was apprehended. A Roswell police sergeant testified that pursuant to regulations he impounded the appellant's car and made an inventory of its contents before a wrecker removed it to an impoundment lot in Roswell. It was at this time that the controlled substances were discovered in the console of the car. The parties stipulated that there was a regulation signed by the Roswell Chief of Police requiring "that every officer who arrests a driver and/or owner of a vehicle who is taken into custody will make an inventory of this

vehicle for valuables."

Appellant contends on appeal that the warrantless search of his vehicle violated both federal and state law and that the state failed to carry its burden of proof on his motion to suppress. *Held:*

1. When vehicles are impounded, police routinely follow caretaking procedures by securing and inventorying the cars' contents. These procedures have been widely sustained as reasonable under the Fourth Amendment. See South Dakota v. Opperman, 428 U. S. 364 (2) (96 SC 3092, 49 LE2d 1000) (1976). This court has approved inventory searches of an impounded automobile after a defendant's arrest on traffic-related charges. See *Carson v. State,* 241 Ga. 622 (247 SE2d 68) (1978). We have also held "that when a driver is arrested and removed from his vehicle, and the vehicle is on a highway or other public property, and there is no third person present to whom it is or might properly be turned over, or for some other sufficient reason a decision to impound it is properly made, and where in connection with such impoundment an 'inventory search' is a recognized and routine procedure, contraband which appears in plain view in the course of such inventory is properly seized, and may be introduced in evidence . . ." *Highland v. State,* 144 Ga. App. 594 (241 SE2d 477) (1978).

Although appellant contends that a friend of his was present at the arrest scene to whom the vehicle might have been turned over, there is no evidence that this person offered to accept the responsibility for the vehicle or that his presence was even known to the police.

2. The evidence shows beyond dispute the necessity and propriety of the pursuit and arrest of appellant in Cobb County. "Reason compels this court to conclude that the . . . policeman's legal authority under the hot pursuit doctrine included both the power to arrest and the power to perform other normal police functions incidental to and necessitated by the arrest." *Wooten v. State,* 135 Ga. App. 97, 99 (217 SE2d 350) (1975). The trial court was correct in denying the motion to suppress.

*Judgment affirmed. McMurray, P. J., concurs. Smith, J., concurs specially.*

ARGUED APRIL 15, 1980 — DECIDED JUNE 30, 1980 —
REHEARING DENIED JULY 17, 1980 —

*Reid W. Kennedy, Reid G. Kennedy,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin*

*H. Oehlert, III, Assistant District Attorneys,* for appellee.

SMITH, Judge, concurring specially.

Under the facts and circumstances of this case, I agree with the majority that the inventory search of appellant's automobile was constitutionally permissible. The police had the right to impound the vehicle (see *State v. McCranie,* 137 Ga. App. 369, 370 (223 SE2d 765) (1976); State v. Goodrich, 256 NW2d 506 (Minn. 1977)) and conduct an inventory search in conjunction with the impoundment.

However, I believe it should be made clear that merely because we uphold the inventory search in the instant case does not mean that every inventory search made pursuant to a police regulation such as the one quoted in the majority opinion will pass constitutional muster. See *Highland v. State,* 144 Ga. App. 594, 595 (241 SE2d 477) (1978). "[W]hether a search and seizure is unreasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case . . ." Cooper v. California, 386 U. S. 58, 59 (87 SC 788, 17 LE2d 730) (1967).

Although the arresting officer in the instant case testified that the search of appellant's vehicle was conducted "pursuant to" the Roswell Police Department regulation, it does not necessarily follow that the search was prompted by an "investigatory police motive" (South Dakota v. Opperman, 428 U. S. 364, 376 (96 SC 3092, 49 LE2d 1000) (1976)), or that it would have been made regardless of whether an inventory search was authorized under all of the attendant facts and circumstances. See *Ludvicek v. State,* 147 Ga. App. 784 (250 SE2d 503) (1978). The search being otherwise valid, I concur with the majority opinion.