## 62809. BENNETT v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted, tried (before the court without a jury) and convicted of the offense of violation of the Georgia Controlled Substances Act in that he did possess marijuana, a controlled substance. He was sentenced to serve a term of six years. Defendant appeals. *Held:*

The state's evidence (both at a motion to suppress hearing and during the trial) disclosed that the defendant was driving a brown Ford pickup truck with a camper shell on the night of January 16, 1981, on Interstate 85 in Jackson County, Georgia when he was stopped by a state trooper for speeding (65 m.p.h. in a 55 m.p.h. zone), driving under the influence, no driver's license and driving with a license in suspension. He was the sole occupant of the pickup truck. Another state trooper, who had arrived at the scene of the stop in response to the first state trooper's radio call, in shining a flashlight into the camper, observed a blanket partially covering the window but could see a cardboard box with plastic garbage bags inside. The defendant was arrested, his vehicle was towed in, and pursuant to a police policy, an inventory of the vehicle was made (although it is quite evident that the officers were suspicious that the plastic garbage bags contained marijuana). The green leafy material was later analyzed as containing 64 pounds of marijuana. Among other things, the inventory search disclosed a paper sack containing $7,500 in cash.

It is quite evident that the inventory search was conducted in accordance with standard police practice, even though the officers were already suspicious that the plastic bags contained marijuana. See South Dakota v. Opperman, 428 U. S. 364 (2) (96 SC 3092, 49 LE2d 1000). We find no reversible error here in the trial court's refusal to suppress the evidence as the search was not unlawful or illegal in violation of the Constitution of the United States or the Constitution of the State of Georgia. See in this connection *Highland v. State,* 144 Ga. App. 594 (241 SE2d 477); *Martasin v. State,* 155 Ga. App. 396, 397 (271 SE2d 2); *Carson v. State,* 241 Ga. 622, 623 (247

SE2d 68). Compare *McKinney v. State,* 155 Ga. App. 930, 931-933 (1) (273 SE2d 888), in which no inventory search situation was present, but the search was made allegedly with an articulable suspicion as to contraband. See also in this connection *Hardwick v. State,* 149 Ga. App. 291, 294 (7) (254 SE2d 384).

After careful review of the entire record and transcript we find that a rational trier of fact (the trial judge without the intervention of a jury) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt, said evidence including the contraband which was not suppressed. See in this connection *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678). The enumerations of error here are not meritorious.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 10, 1981 —
REHEARING DENIED DECEMBER 8, 1981 — ▮▮▮▮▮▮▮▮▮

*J. Lansing Kimmey, Jack S. Davidson,* for appellant.
*Nat Hancock, District Attorney, T. Grant Madison, Assistant District Attorney,* for appellee.