## 63441. THE STATE v. SHARER.

BANKE, Judge.

The defendant was arrested for driving under the influence of alcohol. While impounding his automobile, the arresting officers discovered on the floor, in plain view, a brown bottle, approximately two to three inches in height, with a white cap and no label of any sort. The bottle was opened and was found to contain yellow capsules and blue pills. After transporting the vehicle to police headquarters, the officers obtained a search warrant, and during their subsequent search of the vehicle discovered several more bottles containing pills and capsules, as well as a bag of green leafy material resembling marijuana, located under the front seat. The defendant was subsequently indicted for driving under the influence and for multiple violations of the Controlled Substances Act. The trial court granted his motion to suppress the substances found in his car, apparently on the basis of a conflict between the testimony of one of the arresting officers that the search had been conducted "around 2:30 - 2:45, somewhere in there," and a notation on the warrant indicating that it was not issued until 2:50 a.m. There was also a conflict in the testimony of the two officers as to whether the officer who discovered the first pill bottle showed it to the second officer at the scene, or whether he waited until he had driven the defendant's vehicle back to the police station to report the discovery. The state

appeals. *Held:*

Although the state did not attempt to justify the search on the basis of the officers' right to inventory the contents of the car, the transcript reveals conclusively that the right to an "inventory search" existed. The car was stopped on a public highway in the early hours of the morning, and there was no one available to accept responsibility for the vehicle on the defendant's behalf. One of the officers testified that the department had an "inventory policy that we inventory everything in the car if we place the man under arrest. If anything of value (sic), we list it on the inventory sheet where we won't have any problem with it."

"[W]hen a driver is arrested and removed from his vehicle, and the vehicle is on a highway or other public property, and there is no third person present to whom it is or might properly be turned over, or for some other sufficient reason a decision to impound it is properly made, and where in connection with such impoundment an 'inventory search' is a recognized and routine procedure, contraband which appears in plain view in the course of such inventory is properly seized, and may be introduced in evidence on a subsequent trial for its possession." *Highland v. State,* 144 Ga. App. 594, 595 (241 SE2d 477) (1978). Having lawfully discovered the pill bottles, the officers had probable cause to conclude from their location and appearance and the circumstances of their discovery that they contained contraband; and they were thus authorized to open and seize them. Compare *State v. Thomason,* 153 Ga. App. 345 (3) (265 SE2d 312) (1980). The fact that the officers took the precaution of obtaining a search warrant does not invalidate the seizure, even assuming *arguendo* that the warrant was defective. The undisputed facts of record show that search was constitutionally permissible, and we accordingly hold that the court erred in granting the motion to suppress.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 9, 1982 —
REHEARING DENIED MARCH 25, 1982 — 

*C. Deen Strickland, District Attorney, W. Fletcher Sams, Assistant District Attorney,* for appellant.

*Francis Houston, Delman L. Minchew, Phillip N. Golub,* for appellee.