## 64911. KNOX v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted in three counts for the offense of forgery in the first degree in that she, with reference to three separate checks, did with intent to defraud, knowingly possess said checks and did utter said writing as made in such a manner as to purport same had been made by authority of certain individuals who did not give such authority. She was convicted and appeals. *Held:*

1. The first enumeration of error is that the trial court erred in charging the jury that "[t]o knowingly pass as genuine a forged instrument is conclusive of intent to defraud." The charge complained of is lifted verbatim from a complete charge with reference to a specific intent to defraud the persons named in the indictment, and as to how same "may be proved by evidence." The principle of law embodied in the charge has been approved on numerous occasions in such cases as *Hagar v. State,* 71 Ga. 164 (3), 167; *Jordan v. State,* 127 Ga. 278 (4) (56 SE 422); *Walker v. State,* 127 Ga. 48, 49-50 (56 SE 113); *Taylor v. State,* 128 Ga. App. 13 (195 SE2d 294). There is no merit in this complaint.

2. The second enumeration of error complains of the admission in evidence of the copies of the alleged forged checks rather than the originals at which time objection was made to the introduction of same as no foundation had been laid for the copy. At that time the assistant district attorney stated to the court that a detective had testified that they always make a copy of such checks and same is used in the regular course of their operating procedure to use in preliminary hearings and other judicial hearings and he did not have the original check which had been processed to the state crime laboratory. First, there was no evidence that the copy of the check was not an exact duplicate which had been forwarded to the crime laboratory. Code § 38-203 (OCGA § 24-5-4, effective November 1, 1982) requires that the best evidence of a fact to be proved shall be produced unless its absence shall be satisfactorily accounted for and Code § 38-212 (OCGA § 24-5-2, effective November 1, 1982) allows introduction of secondary evidence if it is shown that the primary evidence for some sufficient cause is not accessible to the diligence of the party and the court shall hear evidence on the question of

diligence and the inaccessibility of the primary evidence. Here we find no reversible error in that the trial court made a determination as to the inaccessibility (the original check having been forwarded to the crime laboratory), and the court's decision will not be overturned unless its discretion is shown to be abused. See *Mulkey v. State,* 155 Ga. App. 304, 306 (270 SE2d 816); *Bedgood v. State,* 100 Ga. App. 736 (2), 742 (3) (112 SE2d 430). There is no merit in this complaint.

3. During the deliberations by the jury the court was advised by the foreperson that the jury was interested in whether there was any way the jury could get the state crime laboratory evidence or from the sheriff's department with reference to the handwriting. The court advised the jury there was no such evidence available, that is, there was no report from the crime laboratory and nothing from the sheriff's department. Whereupon, the foreperson replied "[W]hat we have is what we have to go with." The court answered in the affirmative and that the jury was not to imply anything. Objection is here made to the instruction by the court to the jury to draw no implication from any missing crime laboratory report. While counsel argues that the court, in instructing the jury they were not to draw any implication from the fact that no such report was in evidence, in fact invaded the province of the jury as to their right to give to the failure of the state to produce the report such weight as the jury may determine appropriate under the particular circumstances of the case. However, no case is cited with reference to this argument but only cases with reference to the fact that counsel may argue or comment in the argument upon the failure to produce certain evidence, citing such cases as *Floyd v. Colonial Stores,* 121 Ga. App. 852 (1) (176 SE2d 111); *Thompson v. Colter,* 242 Ga. 784, 785 (3) (251 SE2d 526); *White v. State,* 242 Ga. 21, 22 (5) (247 SE2d 759); *Wood v. State,* 234 Ga. 758, 759-760 (2) (218 SE2d 47); *Dorsey v. State,* 204 Ga. 345 (3) (49 SE2d 886). These cases are not applicable to the case sub judice. In the colloquy between the jury and the court it appears the court properly instructed the jury that there was no such evidence available, that is, no report from the crime laboratory and nothing from the sheriff's department and that the jury would have to go with the evidence before it, adding that they were "not to imply anything." Under the circumstances we find no reversible error with reference to the answer given by the court.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

Decided January 4, 1983.

*Percy J. Blount,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard,*

*Assistant District Attorney,* for appellee.

