## 67673. ESTES v. THE STATE.

DEEN, Presiding Judge.

This case is a companion to *Brooks v. State,* 169 Ga. App. 543 (—— SE2d ——) (1984). Like Brooks, Michael A. Estes appeals from his conviction of two counts of first degree forgery.

1. Appellant first contends that the trial court erred in denying his motion for a directed verdict because the state did not offer evidence of absence of authority to sign the allegedly forged money orders. A review of the transcript indicates that all of the elements of the crime were proved by the state. Under OCGA § 16-9-1 (Code Ann. § 26-1701), "[a] person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing."

The two witnesses who received the forged money orders identified co-defendant Terry Brooks as the person who endorsed the name "James L. Bradshaw" on the money orders. The evidence showed that Brooks was using this fictitious name to sign the money orders and that Estes was the driver of the automobile which drove Brooks to the places where they were cashed. While *Zachery v. State,* 136 Ga. App. 209 (220 SE2d 756) (1975) does stand as authority for the defendant's position that lack of authority to sign is an essential element of the crime of forgery, this element may be inferred from the evidence. *Johnson v. State,* 158 Ga. App. 183 (279 SE2d 483) (1981). "Where the name of the purported maker is fictitious, the State may prove a forgery by proving that the defendant did in fact write or was concerned in falsely writing the check, either by direct evidence, by proof of handwriting, or in some other way." *Mobley v. State,* 101 Ga. App. 317, 321 (113 SE2d 654) (1960). Here, the name of the purported maker was fictitious and the defendant was tried not as the purported maker, but as a party to the crime under OCGA § 16-2-20 (Code Ann. § 26-801).

2. It was not error to deny appellant's motion for a mistrial after the district attorney, while questioning a police investigator, described the money orders as "bad money orders." Immediately following objection, the court instructed the jury that there was no evidence that the money orders were bad and told it to disregard the question.

The trial court properly followed the procedure set forth in OCGA § 17-8-75 (Code Ann. § 81-1009). The extent of a rebuke and

instruction to the jury is within the trial court's discretion. *White v. State,* 159 Ga. App. 545 (284 SE2d 76) (1981); *High v. State,* 153 Ga. App. 729, 731 (266 SE2d 364) (1980).

3. As the evidence showed that the inventory search was conducted in accordance with standard police procedure, the money orders discovered protruding from the rear seat of the automobile were not subject to a motion to suppress. *Bennett v. State,* 160 Ga. App. 684 (288 SE2d 17) (1981).

4. Appellant assigns error to the introduction into evidence of the reverse side of two money orders when the state did not incorporate the reverse side into the indictment or submit them in response to a Brady motion.

Appellant was prosecuted as a party to the crime, and the evidence showed he was travelling with the forger as the driver of the vehicle which took Terry Brooks to the various locations where the money orders were passed and was present in the vehicle when the proceeds were passed to Leland Brooks. The state presented evidence that Terry Brooks endorsed the back of the money orders by presenting eyewitnesses to these acts. As Estes was being tried as a party to the crime and there was no evidence, or even an allegation, that he signed them, and he was sufficiently implicated in the crime by other evidence which was not exculpatory, the back of the money orders were not required to be produced upon a Brady motion.

5. Reviewing the evidence in the light most favorable to the jury verdict, we find that a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980); *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 1, 1984.

*Rex W. Garner,* for appellant.
*Darrell E. Wilson,* District Attorney, *Gerard P. Verzaal, Assistant District Attorney,* for appellee.