## 73381. HEARD v. THE STATE.
(354 SE2d 11)

BENHAM, Judge.

In contesting his conviction of first degree forgery, appellant argues that his motions for directed verdict of acquittal and for new trial should have been granted because the State failed to prove he had the requisite intent to defraud and the victim of the forgery suffered no pecuniary loss. We disagree and affirm appellant's conviction.

1. Appellant, a builder/developer, received a form letter from the City of Sugar Hill authorizing Gwinnett County to issue a building permit for a location where "[a]ll city utilities with the exception of sanitary sewer are available . . . The developer will provide a septic tank system for sewer disposal." Appellant admitted he altered the form letter to reflect that all city utilities were available at the building location. He then submitted the altered letter to the Gwinnett Planning and Zoning Department in order that a building permit for the site would be issued to him. Knowingly passing as genuine a forged instrument is evidence of the intent to defraud. Knox v. State, 165 Ga. App. 26 (1) (299 SE2d 105) (1983); Taylor v. State, 128 Ga. App. 13 (195 SE2d 294) (1973). The trial court did not err in denying appellant's motions.

2. Appellant also argues that his conviction cannot stand because the City of Sugar Hill suffered no pecuniary damage as a result of appellant's alteration of the document. OCGA § 16-9-1 (a), the statutory definition of forgery in the first degree, does not contain a requirement of pecuniary damage; in this case, it only requires an intent to defraud coupled with the possession of an altered writing and delivery thereof. Curtis v. State, 99 Ga. App. 732, 733 (109 SE2d 868) (1959), cited by appellant, is illustrative of the point: "An indictment alleging . . . a scheme or transaction [with intent to defraud in the sale of securities (OCGA § 10-5-12 (d))] is not subject to general demurrer although it fails to allege that the victim was in fact defrauded, since the only criminal intent necessary to be proved is the

intent to defraud in the commission of the act or acts denounced by the statute." Forgery in the first degree requires only intent to defraud, not actual fraud. The trial court did not err in its denial of appellant's motions for directed verdict and new trial.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 17, 1987.

*James E. Thompson, Randy M. Wells,* for appellant.
*Thomas C. Lawler III, District Attorney, Daniel J. Porter, Assistant District Attorney,* for appellee.