## 75831. HOWARD v. THE STATE.
### (369 SE2d 271)

Pope, Judge.

Defendant Howard was indicted with three others for the armed robbery of two gasoline stations in Macon in the early morning hours of October 23, 1986. One of the accomplices, Lewis Raines, pled guilty and testified against defendant at trial. Raines testified he and the other two indicted defendants, before meeting up with defendant Howard, robbed another gasoline station and took the station attendant's purse, which contained a .38 caliber pistol. After defendant Howard joined them, the four men robbed the other two stations, using the pistol to intimidate the cashiers. Thus, defendant Howard was named in Counts 2 and 3 of the three-count indictment.

By the time they were arrested, defendant Howard and Raines had already dropped off the other two accomplices at their homes. At the time of arrest, defendant was wearing a light blue jacket and Raines was wearing red and black two-toned jeans. The cashier at the station involved in Count 2 of the indictment identified one of his assailants but could not identify defendant Howard. He also testified he believed the second man who attacked him was wearing a tan, not a blue, jacket. The cashier at the store involved in Count 3 of the indictment testified one of the two men who attacked her was wearing two-toned jeans and one was wearing an aqua-blue jacket.

The arresting officer testified he was patrolling on the evening in question in his police car and had been alerted to the fact that three robberies had occurred that evening. The officer was instructed to be on the lookout for the suspects, wearing dark shirts, one with two-toned pants and one with a blue jacket. Both were described as young black men, one taller than the other. Shortly after the third robbery was reported, the officer was stopped at a traffic light at a well-lighted intersection some three to four miles from the scene of the last robbery. A car approached from the cross-street and made a left turn at the intersection, passing directly in front of and beside his patrol car. The driver and the front passenger were both young black men dressed in dark shirts. One appeared to be taller than the other. The driver appeared to avert his face as he drove past the police car and the passenger appeared to sink into the seat. When he pulled them over, he discovered that the remainder of their clothing matched the description of the lookout. Raines was placed under arrest for driving without a license and without proof of insurance. Raines told the officer that the car was owned by his mother who could not be reached. Defendant Howard informed the officer he had no identification with him, thereby indicating he had no driver's license. Therefore, the officer commenced a routine inventory prior to impounding the car. On the floor of the car was a check dated October 22, 1986 made payable

to one of the gasoline stations which had been robbed. The officer also found a .38 caliber pistol which matched the description given by the victim whose purse had been stolen. Defendant Howard was then placed under arrest for suspicion of robbery. When he was searched, the officer found $90 in folded bills in his pants pocket and $15.70 in coins.

Defendant Howard was acquitted on Count 2 and found guilty of Count 3 of the indictment. We affirm the conviction.

1. Defendant first argues the evidence was insufficient to convict him because the testimony of the accomplice was not corroborated as required by OCGA § 24-4-8. We find the circumstantial evidence presented at trial was sufficient to corroborate the testimony of the accomplice and to support the guilty verdict. See *Gunter v. State*, 243 Ga. 651 (2) (256 SE2d 341) (1979); *Reaves v. State*, 242 Ga. 542 (1) (250 SE2d 376) (1978).

2. The State also produced a witness who positively identified defendant as one of two black males who robbed the convenience store at which she was the cashier on October 15, 1986. She testified that one assailant came to the counter as if to make a purchase. When she opened the cash register, he attacked her and held her on the floor while defendant Howard ripped the cash drawer out of the cash register. As the men were leaving the store, one of them yelled back at her, "Shut up, bitch." Both of the robberies with which defendant was charged involved gasoline station/convenience stores open late at night. The robberies were conducted by two black men, one of whom would pretend to buy an item and one of whom would rip out the cash drawer when the cashier opened the register. One of the victims of these two robberies testified that the robbers used language similar to that used in the unrelated robbery. The defendant was positively identified as one of the perpetrators of the unrelated crime. In addition, there were similarities between the unrelatd crime and the robberies for which defendant was being tried. Therefore, the testimony of the victim of the unrelated crime was sufficient to establish a similar transaction and met the requirements necessary to create an exception to the general rule prohibiting the admission of evidence concerning the defendant's general character. See *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980).

3. Defendant maintains the trial court erred in admitting into evidence testimony of the interrogating officers that the defendant made a statement to them about his activities on the evening in question which was in conflict with his testimony at trial. Prior to admitting this testimony, the court conducted a suppression hearing in accordance with *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). While defendant denied that he waived his right to an attorney before making any statements, the interrogating officers tes-

tified that defendant's rights were read to him and that he waived the right to an attorney. Factual and credibility determinations regarding conflicting testimony in a *Jackson-Denno* suppression hearing are for the trial court and will not be overruled by the appellate court unless the record shows such determinations are clearly erroneous. *Belcher v. State*, 173 Ga. App. 509 (3) (326 SE2d 857) (1985). We find no error in admitting the testimony concerning defendant's statement.

4. Defendant alleges the trial court erred in failing to suppress evidence found on defendant's person at the time of arrest and in the automobile driven by defendant's accomplice. In regard to the check made out to one of the businesses robbed on the evening in question and the pistol stolen from one of the victims, both of which were found in the automobile, defendant, a mere passenger in the automobile, has no right to object. *Dutton v. State*, 228 Ga. 850 (1) (188 SE2d 794) (1972). Moreover, the evidence adduced at the suppression hearing shows the search of the automobile was conducted in accordance with standard police procedure pursuant to an inventory of the contents of the automobile in preparation for impounding it. The driver of the automobile had been properly arrested for driving without a license or proof of insurance. The arresting officer could properly assume defendant, a passenger in the automobile, was not in possession of a license to drive the automobile since he had answered he had no identification with him. Therefore, impoundment of the automobile was proper and evidence discovered in the car was not subject to a motion to suppress. See *Estes v. State*, 169 Ga. App. 685 (314 SE2d 700) (1984). The initial detention of the suspects was based on specific and articulable facts, namely the suspects' physical resemblance to the description given by the victims. Therefore, these facts gave rise to a reasonable suspicion that the men had been involved in the robberies, and the officer was justified in detaining them and checking their automobile. *Baker v. State*, 170 Ga. App. 700 (1) (318 SE2d 178) (1984). In regard to the money found on defendant's person, this evidence was obtained during a routine search pursuant to a lawful arrest for suspicion of robbery, based upon the additional information and evidence obtained by the officers after their detention of the suspects. Therefore, the court properly denied defendant's motion to suppress evidence.

5. We reject defendant's argument that the court should have granted a directed verdict for lack of evidence for the reasons discussed in Division 1 of this opinion.

6. Finally, defendant argues that he should have been awarded judgment notwithstanding the verdict because the verdicts of acquittal on Count 2 and conviction on Count 3 of the indictment are inconsistent. Inconsistency of verdicts is no longer a ground for reversal of a criminal conviction. *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216)

(1986). The evidence was sufficient to support conviction on Count 3 of the indictment notwithstanding the jury's acquittal of defendant as to Count 2 of the indictment. See *Parker v. Mooneyham*, 256 Ga. 334 (349 SE2d 182) (1986).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 7, 1988 —
REHEARING DENIED MAY 6, 1988.

*J. Kevin Davis*, for appellant.
*Willis B. Sparks III, District Attorney*, for appellee.