## 47886. DENSON v. THE STATE.

EBERHARDT, Presiding Judge. Detectives David Eller and W. M. McGuire of the Savannah Police Department were part-time security guards at a K-Mart discount or department store in addition to their regular duties. On October 19, 1971, Detective Eller arrested defendant for attempting to steal a stereo speaker from the store. The following day Detective McGuire reported for duty at the store and was notified that defendant's automobile was parked on a yellow curb in a fire lane and was obstructing traffic. He called for a wrecker and, noting that there was stereo equipment and possibly other articles of value inside the automobile, instructed the wrecker driver to tow it to a garage and lock it up inside for the protection of the property of the arrested person in accordance with standard police procedures.

On October 22, when Detective Eller reported back for work at the store, he was notified by Detective McGuire that the automobile had been impounded and that it contained valuables which should be "put in for safekeeping" at the property room of the police station. Accordingly Detective Eller, in company with Detective Taylor, proceeded later in the day in their capacity as police officers to inventory the contents of the automobile and to remove the valuables for safekeeping in order to protect the property of the owner, as well as to protect the police from claims for loss of property. During the course of the inventory Detective Eller discovered a Savannah Bank & Trust Company money folder on the "cutaway part" of the instrument panel. Desiring to ascertain whether there was money or other valuables inside the folder, he opened it and found a library card, a post office box key

and an envelope. He opened the envelope and found eight tin-foil packages and, upon opening one of the packages, found that it contained a white powder which he suspected to be, and which was later identified as, heroin.

Upon being indicted for possession of heroin, defendant moved to suppress this evidence on the ground that it constituted an unreasonable search and seizure without a warrant in contravention of the Fourth Amendment to the United States Constitution. From a denial of the motion, defendant appeals with a certificate of review. *Held:*

In United States v. Kelehar, 470 F2d 176 (CA 5), defendant, although suspected of passing counterfeit money, was arrested on several outstanding traffic warrants and, while in custody, his automobile, prior to being towed in and stored, was inventoried in compliance with standard police inventory procedures, although the officer involved admitted that he had suspected that as a result of the inventory possibly other contraband would come to light. During the course of inventorying the contents of the vehicle the police officer found two $50 counterfeit bills, which were under a floor mat, and defendant was subsequently charged with possessing counterfeit money. He filed a motion to suppress the evidence taken from the automobile, which was denied by the lower court upon the ground that "there is ample evidence to support that this was an inventory which was taken routinely before the car was to be towed away." In affirming, the Fifth Circuit Court of Appeals stated: "The subsequent search of defendant's car was in compliance with standard inventory procedure, fulfilling the two-fold purpose of protecting the defendant's property and safeguarding the police from groundless claims for 'lost' possessions. Clearly,

inventorying the contents of the car was not a mere pretext for searching, though the finding of contraband was not unexpected. True, the defendant was not in the automobile when he was approached by Officer McMahon. After the defendant was arrested, however, it was reasonable for the police officers to comply with the request of the manager of the Corral Bar-B-Que to remove the car from his premises, not only for his convenience but to protect the defendant's automobile. Before having the car towed from the scene and properly stored, the police directive required that its contents be inventoried. The search was within the bounds of standard inventory procedure." Accord: United States v. Mitchell, 458 F2d 960 (CA 9). But see Mozzetti v. People, 4 Cal. 3d 699 (94 Cal. Rptr. 412, 484 P2d 84); State v. Richards, 296 A2d 129 (Supreme Jud. Ct. Me.).

In *Braddock v. State,* 127 Ga. App. 513 (194 SE2d 317) we affirmed the denial of a motion to suppress where it appeared that Federal Department of Transportation inspectors discovered contraband drugs in a truck while they were making a safety inspection to determine whether it was in compliance with department regulations governing licensed vehicles traveling on interstate highways. The inspectors had no search warrant, but they were not looking for drugs and found them incidentally in the making of an inspection which they were authorized to make. The "search" was, therefore, not unreasonable, did not violate the driver's right of privacy and was not proscribed by constitutional provisions or by statute. See also on this subject Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726); Harris v. United States, 390 U. S. 234 (1) (88 SC 992, 19 LE2d 1067); Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564).

We think the situation here to be like unto those in Harris, Kelehar and *Braddock.* There are, of course,

small differences in the factual situations but the differences are not material and do not bring the search made here within the area of illegality because it was made without a warrant.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*
SUBMITTED FEBRUARY 13, 1973 — DECIDED
MARCH 9, 1973.

*Calhoun, Sims & Donaldson, R. B. Donaldson, Jr.,* for appellant.
*Howard A. McGlasson, Jr.,* for appellee.