## 51724. THE STATE v. McCRANIE.

WEBB, Judge.

On February 23, 1975, at approximately 5:00 a.m., Officer Menzel of the Atlanta Police Department answered a call to a wreck on Stewart Avenue under the I-75 bridge. While attending to police matters relative to the wreck he heard two shots spaced about five seconds apart. He concluded that the shots came from the direction of the Streaker Club approximately 200 yards away and, upon proceeding to that location, observed an automobile in the parking lot of the burned-out night club some 300 feet off the public road. The occupant was ordered to get out of the automobile, and Menzel then recognized him as J. J. McCranie, owner and operator of

the club.

In response to questioning about the shots, McCranie replied that he had not heard any shots fired. The door on the driver's side of McCranie's car was left open and the interior light was on, and Menzel saw one spent shell on the driver's seat, one on the floor, and the butt of a pistol protruding from under the seat. Upon picking up the shells Menzel found that they were still warm. He smelled the gun and concluded that it had been recently fired. Menzel smelled alcohol on McCranie's breath, placed him in the patrol car and arrested him for discharging firearms and for being drunk.

Menzel then called a wrecker to tow the car away and began an inventory of its contents. He used the trunk key to open the trunk and found the drugs for the unlawful possession of which McCranie was indicted. Ga. L. 1974, pp. 221-268. The trial court granted McCranie's motion to suppress, and the state appeals pursuant to Code Ann. § 6-1001a(d).

We affirm. The state seeks to justify the search on the grounds that it was made pursuant to standard inventory procedures of impounded automobiles. The justification is necessarily premised on the validity of the impounding. However, McCranie was not arrested for automobile offenses; and it is undisputed that Menzel knew McCranie, knew that he owned and operated the club, and knew that the automobile was on private premises belonging to him. In these circumstances the trial court was authorized, though not required, to find from the totality of the circumstances that the impounding of McCranie's car and opening its trunk on McCranie's own property pursuant to an arrest unrelated to the car was not required for traffic safety or to protect McCranie's property.

Prior inventory cases relied upon by the state deal with situations where the impounding was required or justified. In *Denson v. State,* 128 Ga. App. 456 (197 SE2d 156), the leading case, defendant's automobile was parked on a yellow curb in a fire lane and was obstructing traffic. In *Lee v. State,* 129 Ga. App. 82 (198 SE2d 720), defendant was arrested following a traffic accident for driving under the influence and for driving without a

license. In *Fluellen v. State,* 133 Ga. App. 10 (209 SE2d 706), defendant was arrested on a warrant while operating his automobile. In *Pierce v. State,* 134 Ga. App. 14 (213 SE2d 162), defendants were arrested following a wreck for driving under the influence and for public drunkenness. In all of these cases it appears that defendant was separated from his automobile in areas where the public drove, necessitating the removal of the automobile, and they do not require a different result here.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED JANUARY 15, 1976 — DECIDED JANUARY 23, 1976.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellant.

*Worozbyt, Spruell & Blackburn, Theodore Worozbyt,* for appellee.