51632. DUNKUM v. THE STATE.
51633. FAIN v. THE STATE.
51703, 51704. LEWIS v. THE STATE (two cases).

STOLZ, Judge.

Two cars, one carrying appellant Fain, the other carrying undercover narcotics agent Price and two co-indictees of Fain, pulled into and parked in the parking lot of a closed nightclub. Fain and his co-indictees exited from their cars and entered the empty building. Shortly thereafter they reappeared, carrying three garbage bags filled with marijuana. Appellants Dunkum and Lewis followed the three out of the building. The bags were placed in the trunk of the agent's car where their contents were examined. As agent Price started to pay for the drugs, police cars arrived on the scene and all persons present were arrested. Appellants Dunkum, Lewis and Fain were charged with the offense of selling more than one ounce of marijuana, and they appeal from their convictions.

1. Appellants enumerate as error the trial court's order overruling their demurrers, motions to quash, and motions to dismiss the indictment. These motions all

attack the constitutionality of Code Ann. § 79A-811(j), an issue which has been decided adversely to the appellants. *Lord v. State,* 235 Ga. 342 (219 SE2d 425). This contention is without merit.

2. A review of the record shows that it was not error for the trial court to overrule defendants' motions for directed verdicts.

3. The evidence was sufficient to support the verdicts.

4. Appellants assign error on the trial court's failure to require the state to reveal the name of the informant who conducted the preliminary negotiations for the drug deal. Basically, their contention is that this informant was a decoy, whose identity they were entitled to know. However, the transcript reveals that this informant was not present when the transaction took place; he had merely provided the initial contact between Price and the defendants and could not have been convicted himself of this sale. Therefore, this contention is also without merit. See *Crosby v. State,* 90 Ga. App. 63 (82 SE2d 38); *Butler v. State,* 127 Ga. App. 539 (2) (194 SE2d 261).

5. Appellants Dunkum and Fain contend that the trial court erred when it refused to charge, on request, that the defendants could be convicted of a criminal attempt rather than the completed crime. The court, using the exact language of the statute, charged as follows: "Deliver or delivery means the actual, constructive, or *attempted* transfer from one person to another of a controlled substance, whether or not there is an agency relationship." (Emphasis supplied.) Code Ann. § 79A-802 (g). We think the charge, as given, amply conveyed to the jury that the defendants could be convicted of unlawfully selling and delivering more than one ounce of marijuana if the jury found that the defendants had attempted to transfer the drugs. This enumeration of error is without merit.

6. The trial court also charged: "The law of this State reads as follows: It is unlawful for any person to possess, have under his control, sell or possess with intent to distribute marijuana." Appellants Dunkum and Fain contend that this charge was confusing, that it failed to distinguish possession from sale, and that it failed to

define sale or delivery. In light of the fact that the judge specifically told the jury that defendants were charged with unlawful sale and delivery, and further defined delivery, this contention has no merit.

7. Appellants Dunkum and Fain contend that the jury should have been instructed that they could convict the defendants of possession of less than one ounce of marijuana. Appellant Lewis contends that the jury should have been instructed that it could recommend misdemeanor punishment under Code Ann. § 26-3101. The trial judge recharged the jury that: "In reference to the charge on marijuana the Court instructs you that if you should find from your deliberations, and this is purely a question for the jury, along with all other questions for the jury and your determination alone, if you should find the amount of marijuana was less than one ounce not involved in this matter, as contended for by the State, then in that event, and you also found from all the material evidence and circumstances connected with the case, and surrounding the case, that the defendant is guilty, in that event you would simply find the defendant guilty of a misdemeanor and that verdict would read: 'We, the jury, find the defendant guilty of a misdemeanor.' That would mean you found marijuana as contended for by the State but you found there was one ounce or less than one ounce of marijuana in the case."

We have repeatedly stressed that, in reviewing the correctness of a given charge, the trial court's instructions must be considered in their entirety. See, e.g., *Tate v. Gibson Products Co.,* 137 Ga. App. 615; *Hilton v. State,* 233 Ga. 11 (2) (209 SE2d 606). Moreover, since the jury no longer performs any sentencing function, the judge was not required to instruct the jury as to recommending misdemeanor punishment. Compare *Willingham v. State,* 134 Ga. App. 603 (6) (215 SE2d 521). These contentions have no merit.

8. Additionally, appellant Lewis claims that the district attorney was required to disclose that one of his co-indictees, Meredith Gloer, had been offered leniency in return for her testimony against the other defendants. While a concealed promise of leniency made to a defendant's attorney, although not to the defendant

herself, may require a new trial (as to this, see e.g., Newman v. State, 334 NE2d 684 (Ind. 1975)), this court will not review this claim where the appellant, having invoked no ruling from the trial court, raises the issue for the first time on appeal. See *Clark v. State,* 138 Ga. App. 266 (8). Where evidence of such an agreement is newly discovered, having come to the appellant's attention after an appeal has been docketed and while supersedeas is effective, his remedy lies in a petition for habeas corpus relief.

9. Appellants assert that the trial court committed error in failing to suppress evidence seized by police officers during an "inventory" search of Fain's automobile performed two days after his arrest. At trial, the state for the first time offered evidence of less than one ounce of marijuana which had been found in the trunk of defendant Fain's car. Counsel moved to suppress the evidence but the motion was overruled.

Initially we note that defendants Dunkum and Lewis have no standing to object to the search of Fain's automobile. The right to suppress evidence seized in an unreasonable search is personal and these defendants, not having been charged with possession of the seized item, were not entitled to object to the search of an automobile in which they had no proprietary or possessory interest. *Mitchell v. State,* 136 Ga. App. 390 (2) (221 SE2d 465); *Dixon v. State,* 231 Ga. 33 (5) (200 SE2d 138); *Dutton v. State,* 228 Ga. 850 (1) (188 SE2d 794). The motion to suppress the marijuana was properly denied as to defendants Dunkum and Lewis.

As to defendant Fain, this enumeration of error is well taken. The state seeks to justify the search as an inventory of the car, made pursuant to standard police department procedure. This justification is necessarily premised on the validity of the impounding. *State v. McCranie,* 137 Ga. App. 369. However, this was not a situation where the car had to be removed from a public highway in the interest of public safety, e.g., Cady v. Dombrowski, 413 U. S. 433 (93 SC 2523, 37 LE2d 706) (1973), nor was the automobile forfeited under the authority of a statute, e.g., Cooper v. California, 386 U. S. 58 (87 SC 788, 17 LE2d 730) reh. and modif. den. 386 U. S.

988 (87 SC 243, 18 LE2d 243) (1967). In fact, Officer Price indicated in his testimony that it is not even normal police practice to impound a vehicle which is not involved in the crime and which poses no threat to public safety (T. 56). At the time of the impounding, Fain's automobile was parked off the street in the parking lot of an unused nightclub, as was the car in *McCranie,* supra.

The cases upon which the state relies are all distinguishable from this case. In *Pierce v. State,* 134 Ga. App. 14 (213 SE2d 162), the impounding followed the defendant's arrest for driving under the influence and public drunkenness; in *Fluellen v. State,* 133 Ga. App. 10 (209 SE2d 706), impounding followed the defendant's arrest on a warrant while driving his automobile; in Cody v. Dombrowski, supra, the defendant's car was disabled on a highway as the result of an accident; and in Harris v. United States, 390 U. S. 234 (88 SC 992, 19 LE2d 1067) (1968), the defendant was arrested for robbery while driving his car. "In all of these cases it appears that defendant was separated from his automobile in areas where the public drove, necessitating the removal of the automobile . . ." *State v. McCranie,* supra. The factual circumstances in the case at bar are markedly different from those in the cases cited above.

An inventory of an automobile in lawful police custody is authorized only for the purpose of securing the car and its contents; it may not be used as a medium to search for additional contraband. Preston v. United States, 376 U. S. 364 (84 SC 881, 11 LE2d 777) (1964); Harris v. United States, supra. Here, the evidence affirmatively shows that Fain's automobile was safely parked off the street, that it had not been used to store or carry the drugs, nor had it been involved in the drug sale in any way (T. 57-58, 60). The impounding was unauthorized, the subsequent search unlawful, and the evidence of marijuana found in the trunk inadmissible. Where a defendant's constitutional rights have been violated, the state must show that the violation was harmless beyond a reasonable doubt. See Chapman v. California, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967). No such showing has been attempted, and we hold that denial of the motion to suppress was reversible error.

10. The marijuana thus seized was admitted as state's Exhibit 4 over objection of all three defendants. All three men had been charged with the sale of over one ounce, not with possesssion of less than an ounce of marijuana.

We have repeatedly stressed that evidence of an offense, separate from and unrelated to the offense being tried, is inadmissible unless it tends to establish the crime charged; or "forms part of the res gestae; or is one of a system of mutually dependent crimes; or is evidence of guilty knowledge; or may bear upon the question of identity of the accused, or articles connected with the offense; or is evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged; or . . . tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged." *Cox v. State,* 165 Ga. 145 (139 SE 861); f. *State v. Luke,* 232 Ga. 815 (209 SE2d 165). The evidence of a small amount of marijuana discovered during the search of Fain's parked automobile was not admissible on any of the above grounds. "The general rule is that evidence of an independent crime is never admissible unless the prejudice it creates is outweighed by its relevancy to the issues on trial." *Hicks v. State,* 232 Ga. 393, 397 (207 SE2d 30); *Payne v. State,* 233 Ga. 294, 312 (210 SE2d 775).

(a) As to defendant Fain, we think that the evidence of some small amount of marijuana in his possession was clearly prejudicial. The evidence was not cumulative, since it dealt with the possibility of his having committed a different offense, viz., misdemeanor possession of marijuana. Rather, admission of this evidence was harmful insofar as it may have confused these two distinct offenses, thus having a corroborative effect on the jury's consideration of the evidence relating to the drug sale.

(b) As to defendants Dunkum and Lewis, the effect of this error is uncertain. The state offered the evidence as Exhibit 4 in the joint trial, making no attempt to limit its probative value to consideration of defendant Fain's role in the drug sale. Yet, evidence that Fain may have been guilty of misdemeanor possession of marijuana was clearly irrelevant to determining whether Dunkum and

Lewis participated in this particular sale. The state again contends that the evidence was cumulative. However, since evidence of an offense committed by one defendant cannot be cumulative as to a totally distinct and unrelated crime with which his co-defendants are charged, this argument has no merit. This evidence could only confuse the jury and prejudice Dunkum and Lewis, injecting guilt by association into the trial. Hence we reverse as to defendants Dunkum and Fain also.

11. The appeal in case No. 51704 is hereby dismissed, having been disposed of by our decision in No. 51703.

*Judgments reversed and remanded for new trials in cases Nos. 51632, 51633 and 51703. Appeal dismissed in case No. 51704. Bell, C. J., and Clark, J., concur.*

ARGUED JANUARY 12, 1976 — DECIDED APRIL 5, 1976.

*Howard, Howard & Hall, William V. Hall, Jr.,* for appellants (cases nos. 51632, 51633).

*Glenn Zell,* for appellant (cases nos. 51703, 51704).

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.