### 52895. THE STATE v. TRAVITZ.

BELL, Chief Judge.

The trial court granted defendant's motion to suppress and the state appeals.

Officer Kindell of the Cobb County Police Department arrived at the scene of an automobile accident where he found defendant and his car which was badly wrecked. This officer advised the defendant that a particular wrecking service was usually called for accidents in this area, but defendant stated that he wanted another firm to assist him. Defendant's desired wrecker service arrived and his car was winched up to the roadway. Officer Kindell entered the car and sat in the driver's seat to see if there was anything valuable in the car. No arrest had been made and the police had not indicated that the vehicle was being impounded for any reason. The officer made an inventory of the car "for the protection of the defendant, whoever drives the wrecker, and himself for any kind of theft out of the vehicle."

During the inventory the patrolman found a paper bag on the rear floor containing a polyethylene bag, which upon being opened appeared to contain marijuana. Defendant was then arrested. *Held:*

It has been generally held by the Supreme Court of the United States, and this court, that where an automobile has been impounded by police under circumstances requiring and justifying the action, viz., in the interest of public safety, a noninvestigative police inventory of the vehicle is reasonable and not violative of the Fourth Amendment. South Dakota v. Opperman, — U. S. — (49 LE2d 1000); *Denson v. State,* 128 Ga. App. 456 (197 SE2d 156); *Fluellen v. State,* 133 Ga. App. 10 (209 SE2d 706). Police intrusions into automobiles impounded or otherwise in police custody are sustained as being reasonable where the inventory is aimed at securing or protecting the car and its contents as well as the protection of the police against claims or disputes over lost or stolen property. South Dakota v. Opperman, supra. In this case the state maintains that the facts clearly fall within the rationale of those cases holding a noninvestigative police inventory to be reasonable.

This contention has no merit. Defendant was not under arrest at the time the officer proceeded to conduct the inventory. The car *had not been impounded* by the police and the record fails to disclose that any impoundment was intended. Indeed, it fails to even suggest any necessity of police custody. Defendant's car was being towed away by a wrecking service of his choice to a destination of his choice and he was present and physically capable of making arrangements for the safekeeping of his belongings. In the cases cited by the state, it was shown that defendant was separated from his automobile in areas where the public drove, necessitating the removal of the automobile in the interest of public safety. *State v. McCranie,* 137 Ga. App. 369 (223 SE2d 765). There is no justification for the police intrusion. On these facts the "inventory" search was unreasonable under the Fourth Amendment.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

Submitted October 7, 1976 — Decided November 5, 1976.

*George W. Darden,* District Attorney, *Michael B. Stoddard,* Assistant District Attorney, for appellant.
*Jerry L. Gentry,* for appellee.