## 59864. GASTON v. THE STATE.

SHULMAN, Judge.

Defendant was convicted of possession of a Schedule II drug in violation of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8; Ga. L. 1974, p. 221 et seq.). Defendant submits that the trial court erred in denying her motion to suppress the admission of the offending substance, on the grounds that the evidence thus admitted was obtained through an unlawful search and seizure. We agree with appellant's contentions of error and accordingly reverse the judgment of the trial court.

The pertinent facts are as follows: Defendant was involved in a one-car accident in East Point, Georgia, on June 2, 1979. A Mr. Simpson, a nearby resident who observed the accident, came to the aid of the defendant. The investigating officer arrived shortly thereafter. While the officer was recording information on defendant's vehicle, the defendant went with Mr. Simpson (with the officer's permission) to his apartment to make a telephone call. The police officer testified that at that time another bystander informed him that she overheard the defendant ask Simpson to "get rid of" a certain blue bag or "take it somewhere." When the defendant and Simpson returned to the scene of the accident, the police officer placed defendant under custodial arrest for alleged traffic violations, telling Simpson to retrieve the bag and informing him that if he refused to do so, a warrant would be obtained.

The police officer testified that although he did not then completely search the bag he "shuffled [around] some items." He apparently did not at that time find any contraband. (Subsequently,

defendant's boyfriend arrived on the scene. Although he was given custody of the cat defendant had had with her in her car, he was not given the bag.) At the station the bag was searched, pursuant to what the state now claims was a routine inventory check, whereupon the drugs which are the object of defendant's motion to suppress were seized.

The state does not contend that the search of the bag was conducted incident to defendant's arrest or with her consent, or even that it was based on probable cause. Rather, the state argues that because the drugs were found during the commission of an authorized inventory of the bag's contents, the subsequent seizure of evidence was proper. We cannot agree with the state's contentions. We find under the facts of this case that the search conducted on the bag was only pretextually an inventory search, since the facts indisputably show that the "need" for an inventory of the bag was artificially created to enable the police officers to conduct a search of the bag without probable cause. The trial court therefore erred in denying defendant's motion to suppress the evidence thus unlawfully obtained.

"The constitutional validity of inventory searches was recognized by the Supreme Court in South Dakota v. Opperman, 428 U. S. 364 (96 SC 3092, 49 LE2d 1000) (1976). In Opperman, the court held that [inventory] searches are reasonable if conducted in accordance with standard police practice. The Court noted that an inventory search serves three distinct purposes: the protection of personal property . . . the protection of the police against claims arising from property allegedly lost or stolen . . . and the protection of the police from possible danger." United States v. Edwards, 577 F2d 883, 893 (5th Cir. 1978).

The Fifth Circuit Court has " 'consistently recognized that the fourth amendment is not violated when the police take custody of . . . any sort of container—be it an automobile, suitcase, or any other thing in which property may be stored—it is reasonable to search the container to itemize the property to be held by the police . . . "It cannot be denied that to prevent escape, self-injury, or harm to others, the police have a legitimate interest in separating the accused from the property found in his possession. An inventory is then necessary both to preserve the property of the accused while he is in jail and to forestall the possibility that the accused may later claim that some item has not been returned to him". . .' However, the inventory must not be done with an investigative intent, but it should be incident to the caretaking function of the police." Mooney v. State, 243 Ga. 373, 380 (254 SE2d 337).

Since the bag in question was placed under the care of another

individual (Mr. Simpson) and not apparently abandoned as contended by the state (compare Lowe v. Hopper, 400 FSupp. 970 (SD Ga. 1975) affd. 520 F2d 1405 (5th Cir. 1975), where a pouch was inventoried after it had been brought to the station when no one present would assume responsibility for it), the state cannot premise the seizure of the bag on the basis of the necessity to protect the property from being lost or stolen. (Additionally, defendant's boyfriend was apparently willing and able to take custody of the bag.) Moreover, since the bag was in Simpson's apartment, the seizure of the bag cannot be justified on the grounds that the police sought to take the bag in custody for their own protection. It is obvious that defendant could not use anything in the bag against the officers if the bag was not in her possession or within reach.

Indeed, we find the present case analogous to *Dunkum v. State,* 138 Ga. App. 321 (9) (226 SE2d 133). In *Dunkum,* this court found that an automobile parked in a private lot "not involved in the crime and which pose[d] no threat to public safety" was unnecessarily impounded and that the inventory search conducted upon the impoundment was therefore unreasonable. As in *Dunkum,* the police officers in the instant case sought to use an inventory search as a subterfuge upon which to conduct an investigatory search. Consequently, it is clear that in this case the police officers conducted a warrantless investigatory search (without probable cause) under the guise of an inventory search. We refuse to allow such apparent subterfuges to erode the strictures of the fourth amendment.

Inventory searches, as discussed above, are permitted for certain limited purposes only (i.e., the protection of the property itself, to protect the police against claims for the loss of such property, and for the protection of the officers themselves). Since the state has not shown that any of these factors necessitated or even authorized taking possession of defendant's bag, we find that the seizure and inventory search of defendant's bag were unlawful. The judgment of the trial court denying defendant's motion to suppress is therefore reversed.

Since we are reversing the judgment for the reasons stated above, we need not address defendant's remaining enumeration of error.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

Argued May 12, 1980 — Decided
July 15, 1980.

*Daniel F. Byrne,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin*

340

*H. Oehlert, III, Assistant District Attorneys,* for appellee.