## 60537. BUSBY v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted jointly with another (who pleaded guilty) in two counts for theft. Count 1 was for the offense of theft by shoplifting in that they did unlawfully, in company with another, intentionally aid and abet each other in unlawfully taking from a store and place of business in the City of Americus, Georgia, a certain television set by distracting the attention of an employee of the business so as to remove the television set from the store and place it in the automobile of the defendant parked next door, said television set having a value of more than $400. Count 2 was for the offense of theft by taking involving three stereos of various descriptions set forth and a record album, as taken from the same store. Defendant was tried by a jury and found guilty as to both counts.

As to Count 1, defendant was sentenced to serve a term of 6 years to be served in addition to and consecutive to any other prison sentence or sentences defendant is now serving or which have heretofore been imposed upon him. As to Count 2, defendant was sentenced to serve a term of 10 years, 4 years of said 10-year sentence to be served in such penal institution as the director of corrections may direct, the remaining 6 years suspended and the defendant placed on probation for said 6 years, to begin immediately upon his release from said penal institution, and this sentence is concurrent to Count 1 yet consecutive to any sentence that he may now be serving. A motion for new trial was filed, amended, and after a hearing, denied. Defendant appeals. *Held:*

1. As shown by the state's evidence, the crimes occurred at approximately 3:00 o'clock in the afternoon on August 23, 1979.

Witnesses in the store next door observed a black man and a black woman walking very close to the glass front of the store, coming from the direction of the store where the television set was stolen. The man was carrying a television set at a speed much faster than the viewer considered normal (almost running), looking over his shoulder and behind him. The television set was placed in the automobile and the two persons departed, the male driving the automobile from the parking lot. The witnesses, taking note of the car and its color, observed the tag was green and white and collaborated in writing down the tag number. They then contacted the proprietor of the hardware store next door with reference to whether the television set had been taken without the knowledge of the occupants, and it was determined that a television set was missing.

The police department and the sheriff's department were then alerted, and the automobile was observed some 30 miles away by the Richland police upon receiving the alert as to the automobile and license tag. It was occupied by 3 black persons (2 males and 1 female) and it was followed until the police officer was joined by other law enforcement officers. When it was stopped, it was observed that a spare tire ordinarily belonging in the trunk of a car was in the back seat. A Georgia Bureau of Investigation agent asked the defendant for the keys to the automobile and was informed by the defendant that he had lost them. Some keys were then found in the female's pocketbook, and one of the police officers opened the trunk. The stolen television set and other stolen merchandise (which the store personnel had not been aware was missing) was found in the trunk of the automobile.

Defendant first contends that the trial court erred in overruling his motion to suppress the evidence seized from the trunk of his automobile without his permission or consent and without a search warrant. The motion to suppress was properly overruled as there was ample evidence to show that the automobile had been used to transport the stolen television set and that the police officers had probable cause for believing the automobile contained the contraband when they searched it. See *Still v. State,* 149 Ga. App. 792 (256 SE2d 133) and cases cited therein. This case is entirely different on its facts from that of *Hardwick v. State,* 149 Ga. App. 291, 292 (2) (254 SE2d 384) and *Love v. State,* 144 Ga. App. 728, 732-736 (242 SE2d 278), for this case involves the hot pursuit of the automobile after the observance of the suspicious circumstances created by the defendant and his companion. There is no merit in this complaint.

2. The evidence was sufficient to support the verdict of guilty, and the trial court did not err in denying the defendant's motion for judgment of acquittal. We have carefully examined the trial

transcript and record here and find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of each of the offenses charged. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 4, 1980 — DECIDED SEPTEMBER 19, 1980.

*William E. Smith,* for appellant.
*Claude N. Morris, District Attorney,* for appellee.