60871. WILLIAMS et al. v. THE STATE.

DEEN, Presiding Judge.

Williams, Pianka, Davis and Moore were convicted of felony possession of marijuana. We first discuss the motion to suppress of the first three defendants.

1. Pursuant to information received from U. S. Customs, the G. B. I. sent a surveillance plane over a large generally wooded area owned by Williams, having on it a trailer and airstrip, and partly fronting the banks of the Ohoopee River. The occupants saw an airplane on an airstrip near a trailer in the approximate center of the property, along with two trucks and other cars parked nearby. Under cloud cover the airplane vanished but one of the trucks was then seen in an open area near the river unloading objects which they rightly assumed to be bales of marijuana. They notified other peace officers who had arrived on the ground outside the fenced premises and these men immediately shot out the lock of a gate across the road, entered, and under radio guidance with the G. B. I., the airplane went directly to the unloading scene, arrested Pianka and Davis, and located 45

bales of marijuana under nearby vegetation at the side of the road. Then turning back toward the trailer they came upon Williams in a jeep who, when he saw them, attempted an unsuccessful evasive maneuver.

The defendants first contend that since the area was fenced by strands of barbed wire and locked gate across the road the officers on ground patrol had no right to enter and conduct the warrantless search; secondly, if the information they had be held to constitute probable cause, that information itself was tainted as emanating from a surveillance airplane which violated their constitutional right to expectations of privacy.

The expectation of privacy defense is based on Katz v. United States, 389 U. S. 347 (88 SC 507, 19 LE2d 576) (1967) which it is urged has interred the open fields doctrine developed by Hester v. United States, 265 U. S. 57, 59 (44 SC 445, 68 LE 898) (1923) and its progeny. This conclusion is unsupported. Air Pollution Variance Board v. Western Alfalfa Corp., 416 U. S. 861 (94 SC 2114, 40 LE2d 607) (1974). *Reece v. State,* 152 Ga. App. 760 (264 SE2d 258) (1979). McDowell v. United States, 383 F2d 599 (1) (1967). Katz involved the reasonable expectations of privacy of one making a call from a telephone booth (which had been outfitted with electronic eavesdropping equipment) not to be overheard. This is a far cry from a visual sighting from an airplane which admittedly was flying at a lawful height over the premises. Visual surveillance from an airplane has been held not illegal (People v. Superior Court etc., 37 Cal. App. 3d 836 (112 Cal. Rptr. 764) (1974)) unless, as in People v. Sneed, 32 Cal. App. 3d 535 (108 Cal. Rptr. 146) (1973), where the helicopter descended to an elevation of 25 feet or less and thus obviously intruded upon the peace and well being of persons on the ground. The mere fact, however, that the person observed has an expectation of privacy is not the whole story; if it were, every harborer of contraband would be entitled to immunity from observation because surely unless he expected to remain undiscovered he would not risk possession of property carrying a highly undesirable penalty. The expectation must be reasonable, and it is no more unreasonable to expect an airplane to fly over a farm or wooded area at a legal distance from the ground as provided by federal regulations than to expect a passer-by, whether he be a police officer or not, to look past the strand of barbed wire separating an open field from a highway and, if he sees an illegal activity in progress, to enter the property for the purpose of arresting the protagonists. The sky, like the road, is a highway over which those licensed to do so may pass so long as they keep a proper vertical distance between their craft and the property of others. The fact that the information of the defendants' activities was obtained in

this manner does not render it unusable.

2. There were two occupants in the airplane which, after flying over the area, landed on the airstrip and met the sheriff and his party. The latter, following directions, had proceeded to the river area and arrested the defendants Pianka and Davis in the truck and later stopped and arrested Williams in the jeep. The testimony clearly establishes that the ground party was too small to contain the premises without entry, that it took over three hours to return to town and obtain a search warrant (which was done for the examination of the trailer), and that the report of Little in the plane of the activities of the defendants and the resemblance of the observed objects to bales of marijuana, combined with previous information regarding suspected activities at that location all combined to establish probable cause to believe a felony was in progress together with exigent circumstances making immediate action necessary. "When a police officer is the informant the reliability of the informant is presumed as a matter of law." *Quinn v. State,* 132 Ga. App. 395, 396 (1) (208 SE2d 263) (1974). Where there is communication between the two, probable cause can rest upon the collective knowledge of the various peace officers involved. *Perryman v. State,* 149 Ga. App. 54, 56 (3) (253 SE2d 444) (1979). "The exigencies of time and the possible removal of the contraband to another state created an emergency — an 'exigent circumstance.' United States v. Rabinowitz, 339 U. S. 56 (70 SC 430, 94 LE 653) (1950)." *Andreu v. State of Ga.,* 124 Ga. App. 793, 797 (186 SE2d 137) (1971). A later trespass does not render inadmissible in evidence knowledge legally obtained. Hester v. United States, 265 U. S. 57 *supra,* and see *Patterson v. State,* 133 Ga. App. 742 (4) (212 SE2d 858) (1976), a case in which Justice, then Judge, Marshall approved Mr. Justice Harlan's concurring opinion in Katz which limns the contrasting natures of an open field and a telephone booth where search and seizure are involved. *Id.,* p. 747.

The law enforcement officers involved had probable cause to enter the Williams property and arrest both the defendants found in the truck and Williams himself, as he apparently attempted to turn away from them in the jeep and re-enter the woods. In the latest case on this subject, *Giddens v. State,* 156 Ga. App. 258 (274 SE2d 595) (1980), this court reiterated its adherence to the open field doctrine enunciated in Hester v. United States, 265 U. S. 57, supra, but drew a distinction between a non-dwelling structure and one which might be used as a dwelling place, as was the tent in *Kelley v. State,* 146 Ga. App. 179 (245 SE2d 872) (1978). Since it fell in the latter category the officers very properly refused to search the trailer until after the search warrant had been obtained. The motion to suppress was properly denied and the convictions of Williams, Davis and Pianka

are without error.

3. The conviction of Marion Moore, however, rests on a different basis. While the cache of marijuana was being retrieved, certain officers returned to town to make affidavit and obtain a search warrant for the trailer. They returned to the farm with this instrument and searched the trailer (from which they had already removed the defendant Marion Moore and placed her under arrest, but without making a further search), later submitting an inventory of items removed from the structure under the search warrant which included the keys to a Ford Thunderbird, one of two rental cars parked outside. This car was driven to town with the intention of returning it to the lessors, but on alighting the police officer unlocked and inspected the trunk of the vehicle and found another bale of marijuana therein.

Although the officers knew at the time they obtained the warrant that various automobiles were parked in close vicinity to the trailer, the warrant asked only permission to search the trailer itself, not the yard or premises or vehicles or any other object in its vicinity. We are constrained to hold that testimony concerning the bale of marijuana found in defendant Moore's automobile was therefore erroneously admitted in evidence. The universally recognized rule is that a search without a warrant is per se unreasonable unless it falls within certain clearly defined exceptions. Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854) (1973). *Bunn v. State,* 153 Ga. App. 270, 272 (265 SE2d 88) (1980). On occasion where one, in the course of an intrusion for which a prior justification exists comes inadvertently upon a piece of incriminating evidence, such evidence is admissible on the basis that no infraction of Fourth Amendment rights was intended. Coolidge v. New Hampshire, 403 U.S. 443 (91 SC 2022, 29 LE2d 564) (1971). The discovery of the bale of marijuana in the trunk of the automobile leased by Ms. Moore is attempted to be justified by means of testimony of the officer involved that he did not intend to search the car, that his removing the keys from the ignition switch, carrying them around to the back of the vehicle and proceeding to unlock and open the trunk was an inadvertent act, and that after the trunk was opened the contraband was in plain view. The act may have been "inadvertent" in the sense that it was normal or habitual or even that it was the result of ordinary curiosity, but none of these motives would render proper an act otherwise a violation of constitutional requirements.

It is also argued that the right to search the car trunk was permissible because the bailee, Ms. Moore, had been placed under arrest when she emerged from the trailer prior to the obtention of the search warrant and the vehicle might have been searched at that

time, in which case the fact that it was first moved to another location would not render the search impermissible. *Glover v. State,* 139 Ga. App. 162 (227 SE2d 921) (1976). However, this only obtains when the arrest is lawful. No grounds for this defendant's arrest were known at the time it was made. Cf. Beck v. Ohio, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142) (1974). The only fact known about her at that time was that she was in propinquity with others who were engaged in transferring contraband at a position on the premises about a half mile away. Mere propinquity does not without more justify either arrest or search. Sibron v. New York, 392 U. S. 40, 62-63 (88 SC 1889, 20 LE2d 917) (1968); Ybarra v. Illinois, —— U. S. —— (100 SC 338, 62 LE2d 238) (1979). Nor does an arrest alone give rise to the right to search a vehicle parked on the premises. *Buday v. State,* 150 Ga. App. 686 (258 SE2d 318) (1979).

Nor does it appear that the car was being impounded for which reason an inventory search might have been necessary. Cf. *Dunkum v. State,* 138 Ga. App. 321 (226 SE2d 133) (1976). Where it is clear that police officers are conducting a warrantless investigatory search without probable cause under the guise of an inventory search, we should "refuse to allow such apparent subterfuges to erode the strictures of the fourth amendment." *Gaston v. State,* 155 Ga. App. 337, 339 (270 SE2d 877) (1980). The same is true of an "impulse" search which is not, at the time it occurs, a proper caretaking function of the police. *State v. McCranie,* 137 Ga. App. 369, 370 (223 SE2d 765) (1976). The marijuana found in the Ford Thunderbird was improperly admitted in evidence against the defendant Moore, and her conviction must accordingly be reversed.

*Judgment affirmed in part and reversed in part. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 28, 1981 —
REHEARINGS DENIED FEBRUARY 11, 1981 —

*Bobby Lee Cook, Diane Marger, Edgar A. Neely III, Edwin Marger, Robert O. Davies, Randall Davis,* for appellants.

*Dupont K. Cheney, District Attorney, C. Paul Rose, Assistant District Attorney,* for appellee.