## 65296. RESPRESS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of violation of the Georgia Controlled Substances Act in that he did unlawfully possess and have under his control marijuana with the intent to distribute said marijuana. Defendant enumerates error to the denial of his motion to suppress the warrantless seizure of the contraband as violating his Fourth and Fourteenth Amendment rights and in admitting certain physical evidence as exhibits. Another enumeration of error is that the trial court erred in admitting an alleged voluntary confession by the defendant. *Held:*

1. At the motion to suppress hearing a plainclothes police officer on street patrol testified that he and another officer were in a

neighborhood where there is considerable prostitution traffic when he observed individuals in a parked automobile moving and jumping around therein which he considered as looking "sort of suspicious." As he approached the vehicle another individual came out of an apartment building and as he also approached the vehicle the rear door of the vehicle opened and a light in the vehicle came on, whereupon he observed "a large, clear plastic bag of marijuana," at which time he was approximately two feet away from it. He also testified that when he observed the clear plastic bag of "green, leafy material" he thought it was marijuana or suspected marijuana and he seized the suspected marijuana. Another white plastic bag was also seized which contained small coin envelopes of "a green, leafy substance." He then gave the Miranda warnings to the suspects and asked the passengers of the car if the marijuana belonged to them. These persons denied that the marijuana was theirs, but the defendant stated to the officer in the presence of the other officer "that the marijuana was his." After its seizure it was sealed and taken in for criminal analysis. If a police officer is in a place where he has the right to be and observes contraband he is entitled to make an arrest and seize the contraband. *Kiriaze v. State,* 147 Ga. App. 832 (3) (250 SE2d 568); *Baxter v. State,* 154 Ga. App. 861 (1) (270 SE2d 71); *State v. Brown,* 158 Ga. App. 312, 314 (279 SE2d 755). Clearly, there was probable cause for the seizure of the marijuana observed in the automobile when the door was opened and a light came on displaying the marijuana in plain view. See *Busby v. State,* 155 Ga. App. 780, 781 (272 SE2d 750). Compare *Williams v. State,* 157 Ga. App. 476, 480 (277 SE2d 923). With reference to the admission of the exhibits of marijuana, defendant contends that courts and juries are not bound to believe testimony incredible, impossible or inherently improbable, even if such testimony is given under oath, citing *Simmons v. State,* 99 Ga. 699, 703 (27 SE 755); *Oakes v. State,* 201 Ga. 365, 374 (39 SE2d 866); *Merritt v. State,* 190 Ga. 81, 87 (8 SE2d 386). The basis for excluding the evidence under the motion to suppress is that the police officer's testimony was simply incredible, and therefore, contrary to the law and the minimum standards for the plain view doctrine. We do not agree. Defendant's counsel was afforded a thorough and sifting cross-examination with reference to the situation, and the trial court properly denied the motion to suppress.

2. For the same reason defendant next contends that the trial court erred in admitting the exhibits of marijuana because a large white plastic bag in which the bags of marijuana were encased was missing and because of the failure of the officers to examine the bags for fingerprints. Thus, the state failed to account for what would be the best evidence. Defendant argues that the absence of the white

plastic bag obstructed his defense and frustrated a source of exculpatory evidence. However, the exhibits were properly allowed in evidence, and any discrepancy as to the bag and the failure to check for fingerprints was for jury consideration. Defendant cites *Anderson v. State,* 120 Ga. App. 147, 148 (4) (169 SE2d 629), with reference to fingerprint evidence. However, that case is not supportive of the complaint here for it therein states that if the admissibility of evidence is doubtful such evidence should be admitted and leave its weight and effect to be determined by the jury. We find no merit in this complaint.

3. The remaining enumeration of error with reference to the admission of the defendant "that the marijuana was his" is likewise not meritorious. The defendant did not contradict making the statement that the marijuana was his, but counsel argues that it was obtained from him under a "deal" wherein the other persons in the car were not charged and "the scenario" was "designed to elucidate the incriminating statement" (this language taken verbatim from defendant's brief). However, the trial court, out of the presence of the jury, made full findings of fact and ruled the officer's testimony as to the admission admissible as having been freely and voluntarily made. The trial court then fully instructed the jury as to its consideration of any admissions or statements by the defendant. See *Jones v. State,* 148 Ga. App. 637, 638 (3) (252 SE2d 65); *Scott v. State,* 147 Ga. App. 679 (250 SE2d 15); *Thomas v. State,* 243 Ga. 217, 218 (1) (253 SE2d 190).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 12, 1983.

*Robert S. Devins,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, John Turner, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.