A94A1086. SIMS v. THE STATE.
(448 SE2d 258)

Judge Harold R. Banke.

The appellant, David Sims, was convicted of possession of cocaine with the intent to distribute. On appeal, he contends that the trial court erred in denying his motion to suppress and that the evidence was insufficient to support the conviction.

On October 4, 1991, an ambulance driver with the Whitfield

Emergency Medical Services observed a black male passing something through the driver's side window of a pickup truck occupied by two other black males. Suspicious that it may have been a drug deal, the driver reported the matter to the Dalton Police Department, and a police officer drove to the scene minutes later to investigate.

The police officer observed the appellant standing up from a pile of wood debris approximately ten yards from where two other black males stood. The appellant wore a tan shirt and pants that matched the ambulance driver's description of the clothing worn by the individual he saw. As the officer stopped and asked the appellant for identification, another police officer arrived and inspected the wood debris, where he found a plastic bag that contained approximately 20 pieces of crack cocaine. The officers then placed the appellant under arrest, at which time they found $654 on the appellant.

1. "That police receive information which does not amount to probable cause does not require them to shrug their shoulders and make no inquiry, but rather the circumstances may justify investigation. [Cit.]" *State v. Smalls*, 203 Ga. App. 283, 286 (416 SE2d 531) (1992). In the instant case, the police officers were justified in driving to the location in response to the ambulance driver's report of a possible drug transaction.

Upon arriving at the scene, the first officer observed the appellant, who matched the description provided by the ambulance driver, getting up from a pile of wood debris to which the appellant had no proprietary interest or legitimate expectation of privacy. Under these circumstances, the search of that wood pile did not infringe any of the appellant's Fourth Amendment rights, and the trial court properly denied his motion to suppress. See *Keishian v. State*, 202 Ga. App. 718 (415 SE2d 324) (1992).

2. Viewed in the light most favorable to the verdict, the evidence authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of possession of cocaine with the intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 22, 1994 —
RECONSIDERATION DISMISSED OCTOBER 7, 1994 — ■■■■■■■■

*Michael A. Corbin*, for appellant.

*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.