A96A2384. CARTER v. THE STATE.
(480 SE2d 376)

BEASLEY, Judge.

Carter appeals his conviction of armed robbery, OCGA § 16-8-41, and challenges the denial of his motion to suppress the evidence, and the admission of the evidence on Fourth Amendment grounds.

The evidence showed that Carter robbed a convenience store on July 8, 1995. He was wearing a mask at the time, but the store's cashier identified his clothing. Carter was arrested within several hours after the robbery. A ball cap and other clothing worn by him at the time of his arrest were seized as evidence. The next morning, officers removed the ball cap from the evidence room in order to use it as a scent article for sniff dogs. Through use of the dogs, a search was conducted on that day and the following day in the wooded area behind the convenience store. Clothing Carter was wearing at the time of the robbery and other items, including currency, were recovered.

Carter moved to suppress the items recovered through the use of

the ball cap. He maintains on appeal that removal of the cap from the evidence room and its use for investigatory purposes without a warrant contravened the federal constitutional prohibition against unreasonable searches and seizures because it was only being held for custodial care.

Once Carter was lawfully arrested and in custody, clothing worn by him at the time could be seized for use as evidence and searched without a warrant. See *United States v. Edwards*, 415 U. S. 800 (94 SC 1234, 39 LE2d 771) (1974); *Williams v. State,* 258 Ga. 80 (2) (365 SE2d 408) (1988); *Eberhart v. State*, 257 Ga. 600, 601 (2) (361 SE2d 821) (1987); compare *Gaston v. State,* 155 Ga. App. 337 (270 SE2d 877) (1980). Therefore, the officers were not required to obtain a warrant in order to use the cap to investigate the crime. Moreover, the use of the cap merely as a scent article for the sniff dogs did not constitute a search of the cap within the meaning of the Fourth Amendment. See *O'Keefe v. State*, 189 Ga. App. 519, 525 (3) (376 SE2d 406) (1988).

The search conducted by the officers with the use of the cap did not contravene any of Carter's Fourth Amendment rights, as he had no reasonable expectation of privacy in the place searched. See generally *Sims v. State*, 214 Ga. App. 808, 809 (1) (448 SE2d 258) (1994).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 27, 1997 —
RECONSIDERATION DENIED MARCH 3, 1997 —

*Clark & Clark, Herman Clark*, for appellant.
*Roger G. Queen, District Attorney*, for appellee.